■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAROLD SEYMOUR, Appellant. — Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered February 28, 1983, upon a verdict convicting defendant of the crimes of arson in the second degree and attempted arson in the second degree. ¶ On August 3, 1982, after a day of continuous drinking, defendant and a friend threw three ignited Molotov cocktails (bottles filled with gasoline or fuel oil and stuffed with a rag to act as a wick) at a house trailer where defendant's former girlfriend, Maureen Minard, was then living with a man named Larry La Grave. The evidence showed that defendant actually threw two of the devices. One of the three devices thrown went out, one landed in the grass creating a fire, and the third landed on the trailer roof causing some damage there. When confronted by Minard, defendant ran and jumped on top of a car which had been waiting but was then moving. He remained there as the car sped towards his home. Near his home, defendant fell from the car roof into a ditch and suffered personal injuries about the head and body, requiring his hospitalization for several days. ¶ The apparent motive for the crime was defendant's disaffection with Minard. Included among those testifying for the People were three eyewitnesses, one of whom was also an accomplice, various law enforcement personnel, and several witnesses who testified to defendant's state of intoxication. The defense attempted to establish that defendant was too intoxicated to form the requisite intent and that Minard's testimony against defendant was provoked by hostility toward him. ¶ Although defendant charges that his trial counsel's ineptitude left him without meaningful representation, the defense strategy employed was not only reasonable (see *People v Dietz,* 79 AD2d 476), but particularly appropriate here where the evidence of defendant's participation in the firebombing was so compelling. Clearly, a jury could find that defendant was capable of forming the requisite intent. The testimony tending to show otherwise was given primarily by members of defendant's family and his very close friends. All of these persons testified to defendant's condition after he had fallen from the roof of his friend's car, which concluded his endeavor to make a speedy departure. Evidence as to the extent of defendant's inebriation just prior to the firebombing and his actions while at the scene was more than sufficient to warrant the jury's conclusion that he had the capacity to form the requisite intent. ¶ As for Minard's credibility, that was an issue for the trier of fact to determine. The tactic which defense counsel resorted to in an effort to discredit her, i.e., attempting to show that she resented defendant sufficiently deeply to have falsely accused him of wrongdoing in the past, was inherently dangerous since much of her testimony placed defendant in a bad light. Yet, given the strength of the People's case, defense counsel cannot be faulted for believing that the best hope for an acquittal lay in calling Minard's testimony into question. Furthermore, the contention that defendant was not afforded effective assistance of counsel because of his counsel's failure to interpose objections to the District Attorney's questions and his witnesses' unresponsive answers can be traced either to this defense strategy or to the inutility of further cross-examining witnesses already cross-examined by the codefendant's counsel. ¶ Nor do we find merit in defendant's suggestion that the trial court improperly instructed the jury concerning the defense of intoxication and failed to marshal the evidence. Initially, we note that, because of the lack of an objection at trial, neither of these claims has been preserved for review (*People v Thomas,* 50 NY2d 467, 471). Moreover, although the trial court did not

discuss intoxication when it instructed the jury as to the intent necessary for a conviction, it had made the correlation between intoxication and its ability to negate intent in its previous discussion of intoxication as a defense. And for this short trial, in which the issues were uncomplicated, the evidence was sufficiently marshaled (see *People v Williamson,* 51 AD2d 843). ¶ We do, however, find error in the trial court's failure to charge the two counts contained in this indictment, arson in the second degree and attempted arson in the second degree, in the alternative. While the record discloses that defendant hurled two incendiary devices, only one of which struck its mark, the hypothesis that one throw constituted attempted arson and the next arson itself is unwarranted. Both counts of the indictment related to one inseparable event — defendant's firebombing of the trailer (*People v Walsh,* 44 NY2d 631, 635). By definition, an attempt is a lesser included offense (CPL 1.20, subd 37); thus, it is an inclusory concurrent count (CPL 300.30, subd 4) and should have been charged in the alternative (CPL 300.40, subd 3, par [b]). Upon finding defendant guilty of arson in the second degree, the lesser included offense should have been dismissed (see *People v Grier,* 37 NY2d 847; Sobel, Prosecutor's Charge-Down — A Dilemma for Trial Judges, NYLJ, Dec. 23, 1983, p 1, col 3; p 4, col 2). ¶ Judgment modified, on the law, by reversing defendant's conviction of the crime of attempted arson in the second degree and dismissing said count of the indictment, and, as so modified, affirmed. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.