■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH WAINWRIGHT, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered November 20, 1984, as convicted him of burglary in the first degree (two counts), and assault in the second degree (two counts), upon a jury verdict, and imposed sentence on those counts.

Ordered that the judgment is modified, on the law, by reducing the convictions of burglary in the first degree to criminal trespass in the second degree and vacating the sentences imposed thereon, and by reversing the convictions of assault in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment. As so modified, the judgment is affirmed insofar as appealed from.

A necessary element of the burglary and assault counts for which the defendant was convicted was that "physical injury" must have been inflicted on the complaining witnesses Brenda Cole and Keisha Cole (*see,* Penal Law § 120.05 [6]; § 140.30 [2]). Physical injury is defined by Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain". The testimony of the two minor sisters and of their two minor siblings was that the defendant punched or slapped Brenda in the mouth, causing her lip to bleed, and slapped Keisha hard enough to make her fall and cause her to cry. Although the police arrived promptly, neither girl requested nor received medical treatment. No evidence of any resulting physical impairment was adduced, and testimony as to "substantial pain" was also wanting. This showing was insufficient to prove beyond a reasonable doubt that the victims suffered the requisite physical injury (*see, People v Rojas,* 61 NY2d 726; *People v Jimenez,* 55 NY2d 895; *Matter of Philip A.,* 49 NY2d 198, 200).

We also find the evidence insufficient to establish that the

defendant, a neighbor and acquaintance of the Cole family, possessed the requisite intent to commit a crime in the apartment. The evidence was, however, sufficient to support convictions for criminal trespass in the second degree, and we therefore reduce the defendant's burglary convictions accordingly.

The defendant's contention that the jury's verdict was repugnant is unpreserved (see, People v Satloff, 56 NY2d 745; People v Stahl, 53 NY2d 1048).

There is no need to remit this case for resentencing as the defendant has already served the maximum sentence permitted for the crime of criminal trespass in the second degree (see, Penal Law §§ 140.15, 70.15 [1]). Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.