■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GOINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Monroe, J.), rendered November 15, 1984, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

The evidence adduced at the trial was insufficient to establish "physical injury" (Penal Law § 10.00 [9]). The complainant police officer testified that he sustained bruises to his right eye and left wrist as a result of his physical encounter with the defendant. These injuries, for which the officer received medical attention, produced swelling and tenderness in the traumatized areas, which subsided after several days. The officer also suffered headaches for 2 or 3 days and missed a day of work as a result of his injuries. He did not, however, testify as to the extent of the pain suffered from his injuries. Significantly, he did not testify that the pain was substantial, nor may the pain of which the officer complained be deemed to have reached the objective level required to be considered substantial (see, Matter of Philip A., 49 NY2d 198). Moreover, there is no evidence in the record to support a conclusion that the physical condition of the officer was impaired as a result of the injuries sustained in the incident. Accordingly, the conviction of assault in the second degree (see, Penal Law § 120.05 [3]), must be reversed.

We have examined the remainder of the defendant's contentions and find them to be either unpreserved for review or without merit. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.