■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, True Name LODI BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered May 19, 1986, convicting him of robbery in the first degree, burglary in the first degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree and burglary in the first degree *(see, People v Lewis,* 64 NY2d 1111). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those charges was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we find the People did not meet their burden of proving the defendant guilty of assault in the second degree. The evidence adduced at trial was legally insufficient to establish "physical injury" as defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain" *(see, People v Wainwright,* 123 AD2d 894). The complainant never stated she had experienced any substantial pain *(see, People v Greene,* 70 NY2d 860; *Matter of Philip A.,* 49 NY2d 198; *People v Goins,* 129 AD2d 733, *lv denied* 70 NY2d 704) nor

was there any evidence in the record to support a conclusion that the physical condition of the complainant was impaired as a result of the injuries sustained in the incident *(People v Goins, supra).* Accordingly, the conviction of assault in the second degree *(see,* Penal Law § 120.05) must be reversed and that count of the indictment dismissed.

We have examined the defendant's other contentions, including those in his supplemental *pro se* brief and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.