◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ANDERSON, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 24, 1986, convicting him of attempted rape in the first degree, criminal possession of a weapon in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The evidence adduced was legally insufficient to establish physical injury, i.e., impairment of physical condition or substantial pain (Penal Law § 10.00 [9]), since it consisted solely of the testimony of the complainant to the effect that when the defendant hit her on the right side of the head she fell to the floor and that she had "a great deal of pain" in her head and "pain around the eyes" (see, People v Tabachnick, 131 AD2d 611; People v Wainwright, 123 AD2d 894; People v Hargrove, 95 AD2d 864; People v Cicciari, 90 AD2d 853). Furthermore, the complainant waited two days before seeking medical treatment and when she finally did go to the hospital it was for the treatment of a preexisting eye condition. Thus, the defendant's conviction for assault in the second degree must be reversed and that count of the indictment dismissed.

With respect to the defendant's contention that the jury's verdict was against the weight of the credible evidence, resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.