■ In the Matter of SHAWN B., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency

proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Kings County (Sparrow, J.), dated January 7, 1988, upon docket No. D-6301/87 which, upon a fact-finding order of the same court, dated September 3, 1987, made after a hearing, finding, *inter alia,* that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of one year, and (2) an order of disposition of the same court, also dated January 7, 1988, upon docket No. D-11374/86 which, upon the same fact-finding order dated September 3, 1987, which, *inter alia,* found that the appellant had violated the terms of an adjournment in contemplation of dismissal granted on March 16, 1987, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of one year, to run concurrent with the placement imposed under docket No. D-6301/87. The appeal brings up for review the fact-finding order dated September 3, 1987.

Ordered that the order of disposition is reversed, on the law, the fact-finding order is vacated, and the petition is dismissed.

We conclude that the evidence was legally insufficient to establish "physical injury" as defined in Penal Law § 10.00 (9). One complainant testified that the appellant struck him in the back of his head, causing him to fall from the bicycle which he was riding and against a parked van. His testimony that he had "a lump" and "scrapes" on his head and "felt dizzy" for approximately four hours was, without more, under the circumstances of this case, insufficient to establish that he sustained either impairment of physical condition or substantial pain within the meaning of Penal Law § 10.00 (9) *(see, People v Greene,* 70 NY2d 860; *Matter of Philip A.,* 49 NY2d 198; *People v Jackson,* 139 AD2d 766). The other complainant, who was riding on the handlebar of the same bicycle, testified that he sustained "a little bump on the back of [his] head" when he fell against a fence, causing him "[a] little pain". Accordingly, the finding that the appellant committed an act which, if committed by an adult, would have constituted assault in the third degree, must be vacated.

In view of our determination, we do not reach the appellant's remaining contentions. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur. [*See,* 152 AD2d 733.]