■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RANKIN, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence is legally sufficient to establish defendant's guilt of robbery in the second degree pursuant to Penal Law § 160.10 (1). We find, however, that the People did not meet their burden of proving defendant guilty of assault in the second degree pursuant to Penal Law § 120.05 (6) and robbery in the second degree pursuant to Penal Law § 160.10 (2) (a). Consequently, those convictions must be reversed and those counts of the indictment dismissed.

The evidence adduced at trial was legally insufficient to establish "physical injury" as defined in Penal Law § 10.00 (9). The victim testified that when defendant pushed him to the ground, his face bled and "it hurt a little bit". He did not, however, testify regarding the extent of the pain suffered from his injuries, nor did he testify that the pain was substantial *(see, People v Greene,* 70 NY2d 860; *People v Jackson,* 139 AD2d 766). Further, the record lacks evidentiary support for a conclusion that the physical condition of the victim was

impaired because of the injuries sustained in the incident *(see, People v Wainwright,* 123 AD2d 894).

We have examined defendant's remaining contentions and find them to be either unpreserved for our review or without merit. (Appeal from judgment of Onondaga County Court, Auser, J.—robbery, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.