■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered March 11, 1985, convicting him of robbery in the second degree (two counts), burglary in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered October 13, 1982, convicting him of robbery in the second degree (two counts), grand larceny in the third degree

and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the third degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that, given the inconsistencies in the testimony of the prosecution's witnesses, the verdict of guilt with respect to the robbery and grand larceny convictions is against the weight of the evidence. We disagree. Upon the exercise of our factual review power (CPL 470.15 [5]), we find that the weight of the evidence clearly establishes that the defendant acted in concert with several others to forcibly take the belongings of several passengers on the southbound A train on the night of May 25, 1981. However, as the defendant correctly asserts, the evidence when viewed in the light most favorable to the People, was legally insufficient to establish that the individual he was convicted of assaulting sustained "physical injury", defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The evidence established only that the victim was "slightly bruised" and "bleeding a little bit", and that he felt "[a] little sore, that's all" *(see, People v Tabachnick,* 131 AD2d 611; *People v Goins,* 129 AD2d 733; *People v Wainwright,* 123 AD2d 894).

The defendant's contention, raised in his supplemental *pro se* brief, that he was denied effective assistance of appellate counsel, is without merit. Although counsel is "duty bound * * * to serve as an 'active advocate in behalf of his client' *(Anders v California* [386 US 738, 744])" *(People v Vasquez,* 70 NY2d 1, 4), he is not required to discuss every colorable issue suggested by his client *(see, Jones v Barnes,* 463 US 745, 754). Upon our review of the record and the brief filed by assigned counsel on the defendant's behalf, we conclude that the defendant was provided with effective assistance of counsel.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.