■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERY FOSTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered April 4, 1984, convicting him of assault in the second degree, resisting arrest, menacing, disorderly conduct (two counts), harassment, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The evidence adduced at trial was insufficient to establish physical injury within the meaning of Penal Law § 10.00 (9). The complainant police officer sustained several cuts to the nose when the defendant, handcuffed from behind, snapped at the police officer's face and struck his teeth into the police officer's nose. The police officer received medical attention shortly thereafter, including a tetanus shot and a prescription for penicillin, and testified that he experienced tenderness and swelling of the injured areas. While the officer stated that the pain was "more than minor pain" and felt it hampered him in his work, the injury nevertheless did not prevent him from working. Further, although the officer testified that he had a headache the next day, which he attributed to the bite, he also added that "it could have been from something else". Under these circumstances, it cannot be said that the level of pain reached beyond an objective level so as to constitute "substantial pain" within the purview of the statute (see, Matter of Philip A., 49 NY2d 198, 200; People v Goins, 129 AD2d 733, 734). Moreover, the evidence was insufficient to support the conclusion that the injuries caused physical impairment. While the police officer testified that there were lacerations on his nose, and some bleeding in that area, there was no scar, and he did not require stitches. Accordingly, the conviction of assault in the second degree must be reversed (see, Penal Law § 120.05 [3]).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.