■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WINDBUSH, Also Known as ALI WINDBUSH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered October 28, 1986, convicting him of attempted robbery in the second degree (two counts), attempted robbery in the third degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the convictions for attempted robbery in the second degree under

count two of the indictment, attempted robbery in the third degree, assault in the second degree, and assault in the third degree, vacating the sentences imposed thereon, and dismissing the second, third, fourth, and fifth counts of the indictment; as so modified, the judgment is affirmed.

A single incident is the premise for the five-count indictment against the defendant and two other youths. According to the complainant, the defendant and his codefendants surrounded him, punched him in the head and ribs, grabbed his arm, and attempted, without success, to remove a ring from the middle finger of his right hand. Undercover officers happened upon the scene and observed that the complainant's mouth was bleeding. The complainant testified at trial that he felt "pain", that his ribs "bothered him", and that he could not lift his arm for four or five days after the incident. He acknowledged that he obtained no medical attention at the scene or thereafter and that he did not miss school. There is no indication that any of his activities were curtailed and his claim that he could not lift his arm was not further explained.

The defendant, who testified on his own behalf, denied that there was any attempted robbery. Rather, he asserted that an altercation arose when he and two other youths came to the aid of a fourth youth whom the complainant was threatening with a knife. All five counts of the indictment were submitted to the jury, but the lesser included offenses of attempted robbery in the third degree and assault in the third degree were not submitted in the alternative (see, CPL 300.30 [3], [4]; see also, CPL 300.40 [3] [b]). The jury found the defendant guilty of all five counts.

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted robbery in the second degree pursuant to Penal Law § 160.10 (1). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict finding the defendant guilty of attempted robbery in the second degree as charged in the first count of the indictment is not against the weight of the evidence (see, CPL 470.15 [5]).

The judgment of conviction with respect to the remaining

counts, however, cannot stand. We agree with the defendant that the People did not meet their burden of establishing the defendant's guilt of attempted robbery in the second degree pursuant to Penal Law § 160.10 (2) (a), as charged in the second count of the indictment, or of either of the assault counts. The evidence was legally insufficient to establish that the complainant suffered an "impairment of physical condition or substantial pain" so as to constitute "physical injury" within the meaning of Penal Law § 10.00 (9) *(see, Matter of Philip A.,* 49 NY2d 198; *People v Franklin,* 149 AD2d 617; *People v Jackson,* 139 AD2d 766; *People v Goins,* 129 AD2d 733).* We do not reduce this attempted robbery conviction to the lesser included offense of attempted robbery in the third degree *(see, People v Franklin, supra; cf., People v Contreras,* 108 AD2d 627), since we affirm the defendant's conviction of the remaining count of attempted robbery in the second degree. Accordingly, dismissal of the attempted robbery count which the People failed to prove is appropriate *(cf.,* CPL 300.40 [3] [b]; *People v Contreras, supra).* In addition, the failure to establish physical injury requires reversal of the assault convictions and dismissal of those counts of the indictment *(see, e.g., People v Jackson, supra).*

Finally, we agree with defendant that the lesser included offense of attempted robbery in the third degree should have been submitted to the jury in the alternative, and, upon the verdict finding the defendant guilty of the greater offense of attempted robbery in the second degree, the lesser included offense should have been, and hereby is dismissed *(see,* CPL 300.40 [3] [b]; *People v Seymour,* 100 AD2d 697). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.