■ In the Matter of ANN SS., Alleged to be a Juvenile Delinquent, Appellant. LAWRENCE C. CONNERS, as Rensselaer

County Attorney, Respondent.—Levine, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered December 14, 1990, which, in a proceeding pursuant to Family Court Act article 3, adjudicated respondent a person in need of supervision.

In a juvenile delinquency petition filed August 15, 1990, it was alleged that respondent committed various acts which, if committed by an adult, would constitute the misdemeanors of assault in the third degree (Penal Law § 120.00), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and criminal trespass in the third degree (Penal Law § 140.10). The charges arose out of an incident in which respondent and four others allegedly physically assaulted and damaged the automobile of another teenaged girl, Rebecca Clemente, at the rear of Ames Department Store in the Town of East Greenbush, Rensselaer County. Pursuant to the terms of a plea bargain, respondent admitted the allegations contained in the petition and was adjudicated by Family Court a person in need of supervision (hereinafter PINS). Respondent now appeals from the adjudication, claiming that the petition was jurisdictionally defective because it failed to meet the requirements of Family Court Act § 311.2 (3). We agree.

Family Court Act § 311.2 (3) requires for a sufficient petition that the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof". The requirements of the statute form the basis for a valid and sufficient accusatory instrument, a nonwaivable jurisdictional prerequisite to a juvenile delinquency proceeding (see, Matter of David T., 75 NY2d 927, 929; Matter of Verna C.; 143 AD2d 94; Matter of Michael G., 93 AD2d 836). Here, the petition contained only hearsay allegations made upon information and belief and neither the supporting deposition of Clemente nor the eyewitness, John Catlin, contained sufficient nonhearsay allegations connecting respondent to the crimes charged.

In her supporting deposition, Clemente stated that there were "5 girls punching [and] kicking me and also slamming my head against the car", although she gave vague descriptions of only two of her assailants. Catlin stated in his deposition that "four out of the five girls were fighting [respondent]" and that he later "saw the four girls responsible for this assault" at the East Greenbush Police Station, where they were identified to him by name. None of the four individuals named was respondent. Because the foregoing (and only)

nonhearsay factual allegations supporting the petition clearly fail to establish respondent's commission of the crimes charged *(see,* Family Ct Act § 311.2 [3]), the petition must be deemed jurisdictionally defective *(see, Matter of Detrece H.,* 78 NY2d 107; *Matter of David T., supra).* Accordingly, respondent's PINS adjudication should be set aside and the petition dismissed.

Mahoney, P. J., Casey, Weiss and Mercure, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.