■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY D. JUNE, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 15, 1991, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted for assault in the first degree in

violation of Penal Law § 120.10 (1) and, following a jury trial, was convicted of the lesser included offense of assault in the second degree in violation of Penal Law § 120.05 (2) for which he was sentenced to six months' imprisonment and five years' probation. On this appeal defendant contends, *inter alia,* that the verdict was against the weight of the evidence and that County Court erred in its charge to the jury. We do not agree.

The victim, Rick Robinson, testified that when he left Poor Richard's Saloon in the Town of Lansing, Tompkins County, he was confronted by defendant who pushed him down and stabbed him. Philip Harris, a general surgeon, testified that he treated Robinson on the evening in question for stab wounds along the rib cage and in the lower abdomen. Defendant testified that he did not own a knife, did not have one on the evening in question and did not stab Robinson. Defendant's parents and former girlfriend testified to defendant's peaceful and truthful character. The conflicting testimony created issues of credibility for determination by the jury and its determination should be afforded great weight and should not be disturbed unless unsupported by the record *(see, People v Anderson,* 143 AD2d 760, 761, *lv denied* 73 NY2d 852). In viewing the evidence in the light most favorable to the People, we do not find that the verdict was against the weight of the evidence *(see, People v Ford,* 174 AD2d 853, *lv denied* 78 NY2d 955).

County Court charged the jury as to assault in the first degree and assault in the second degree. County Court then charged the jury regarding assault in the third degree as follows: "If and only if you find the Defendant not guilty of assault in the first degree and not guilty of assault in the second degree you may consider the lesser-included offense of assault in the third degree in violation of section 120, subdivision 1 of the Penal Law which reads as follows: A person is guilty of assault in the second *[sic]* degree when with intent to cause physical injury to another person he causes such injury to such person. * * * Therefore, with respect to this lesser-included offense of assault in the third degree, if you find that the People have proved to your satisfaction beyond a reasonable doubt each of these three elements as I have just explained them * * * you may find the Defendant guilty of the crime of assault in the third degree."

Defendant contends that since County Court referred to assault in the second degree when reading the provisions of Penal Law § 120.00 (1) the jury was thereby confused, leaving the propriety of the verdict to speculation. We note that

defendant failed to object to this portion of the charge at trial, thereby waiving the issue for appeal *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). If we were to consider the issue, however, we would find no error. When reading the charge as a whole, it is clear that County Court's mistake could not have misled the jury *(see, People v Coleman,* 70 NY2d 817, 819). The court made clear that its charge as to the third crime was with regard to assault in the *third* degree and the court, after reading Penal Law § 120.00 (1), reiterated the elements of the section and advised the jury that it could only convict defendant of assault in the *third* degree if it found the People had proved all of those elements beyond a reasonable doubt.

We have considered defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.