■ In the Matter of ROBERT C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Balkin, J.), entered June 23, 1989, which, upon a fact-finding order of the same court dated March 7, 1989, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent and imposed a sentence of a conditional discharge for a period of twelve months. The appeal brings up for review the fact-finding order dated March 7, 1989.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order dated March 7, 1989, is vacated, and the petition is dismissed.

It is well settled that "[a] juvenile delinquency petition must contain 'non-hearsay allegations * * * that establish * * * every element of each crime charged and the respondent's commission thereof' (Family Ct Act § 311.2 [3]). Any petition that does not contain such factual allegations is both legally insufficient and jurisdictionally defective *(see,* Family Ct Act § 311.2; *Matter of David T.,* 75 NY2d 927)" *(Matter of Detrece H.,* 78 NY2d 107, 109; *see, Matter of Ann SS.,* 175 AD2d 370; *Matter of Verna C.,* 143 AD2d 94; *Matter of Isaac W.,* 89 AD2d 831). In this case, neither the supporting deposition of the complainant nor the two written statements made to the police by the appellant and another participant in the incident refer to any physical injuries. Since there are no non-hearsay allegations that the complainant had suffered a physical injury as required for the crime of assault in the second degree *(see,* Penal Law § 120.05 [2]), the petition was both legally insufficient and jurisdictionally defective.

Moreover, even if the petition were valid, there was insufficient evidence adduced at the fact-finding hearing to establish that the complainant had sustained a physical injury within the meaning of the statute *(see,* Penal Law § 120.05 [2]; § 10.00 [9]). The complainant testified that after the incident "everything was sore on me" and that his left leg, arm, upper back,

and neck were "swollen". Such testimony, without more, was inadequate to support a finding that the appellant had caused a physical injury to the complainant under the assault provisions of the Penal Law *(see, Matter of Philip A.,* 49 NY2d 198; *People v Thomas,* 160 AD2d 968; *People v Rankin,* 155 AD2d 977; *People v Powell,* 153 AD2d 54; *People v Marrero,* 88 AD2d 998). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.