■ In the Matter of NA-TOWI Z., a Person Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY'S OFFICE, Respondent. [606 NYS2d 98] —White, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered April 6, 1993, which, in a proceeding pursuant to Family Court Act article 3, adjudicated respondent a person in need of supervision.

The juvenile delinquency petition filed in this matter alleged that respondent had committed acts which, if engaged in by an adult, would constitute unauthorized use of a motor vehicle in the third degree and criminal possession of stolen property in the fifth degree. Attached to the petition was the deposition of the arresting police officer who stated that he observed respondent driving a vehicle the wrong way on a one-way street and that a subsequent NYSPIN check of the license plate revealed that the vehicle was stolen.

This matter was resolved at the fact-finding hearing by respondent's admission that he was a person in need of supervision (hereinafter PINS). Subsequently, he was adjudicated a PINS by Family Court, placed on probation for one year and ordered to perform 30 hours of community service. Respondent now appeals, contending that the petition was

jurisdictionally defective because it was based solely upon hearsay.

Inasmuch as the petition in this case was not converted to a PINS petition *(compare, Matter of Jason O.,* 197 AD2d 784), this matter is governed by our decision in *Matter of Ann SS.* (175 AD2d 370). There, pursuant to a plea bargain, the respondent admitted the allegations contained in the juvenile delinquency petition and was adjudicated a PINS by Family Court *(supra,* at 371). We dismissed the petition on the ground that it did not conform to Family Court Act § 311.2 (3), which requires for a sufficient petition that the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof".

The petition in this case also does not conform to Family Court Act § 311.2 (3) in that the police officer's statement that the vehicle was stolen is hearsay because the source of his knowledge was a police radio transmission *(see, People v Canty,* 153 AD2d 640, 641-642). Moreover, there is no proof regarding ownership of the vehicle and respondent's failure to obtain permission to drive the car. Accordingly, respondent's PINS adjudication should be set aside and the petition dismissed as it is jurisdictionally defective due to the absence of nonhearsay allegations establishing every element of the crimes charged *(see, Matter of Detrece H.,* 78 NY2d 107, 109).

Weiss, P. J., Crew III, Cardona and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.