■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON VELASQUEZ, JR., Appellant. [609 NYS2d 717] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: We reject defendant's contention that the People failed to articulate a racially neutral explanation for excusing a prospective juror *(see, Batson v Kentucky,* 476 US 79). The prospective juror had volunteered the information that she had two Hispanic children, one of whom resembled defendant, and the prosecutor exercised a peremptory challenge. The record does not reveal whether the juror was Hispanic. Membership in a "cognizable racial group" is a necessary element in establishing purpose-

ful discrimination *(Batson v Kentucky, supra,* at 96). Moreover, the People provided a "satisfactory nondiscriminatory explanation" for excluding the juror *(People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *see, People v Duncan,* 177 AD2d 187, 193-194, *lv denied* 79 NY2d 1048; *People v Merritt,* 166 AD2d 912, *lv denied* 76 NY2d 988, *cert denied* 500 US 955; *People v Burnett,* 152 AD2d 910, 911).

We also reject defendant's contention that the People failed to prove that the correction officers at the Cayuga County jail were "peace officers", within the meaning of Penal Law § 120.05 (3). Peace officers include "correction officers of any state correctional facility or of any penal correctional institution" (CPL 2.10 [25]; *see,* Correction Law § 40 [3]). The language "penal correctional institution" is broad enough to encompass a county jail such as the Cayuga County jail *(see,* Correction Law § 40 [2]; *see also,* 1985 Atty Gen [Inf Opns] 130-131; 1970 Atty Gen [Inf Opns] 49).

The evidence at trial failed to establish that one of the correction officers assaulted by defendant sustained "physical injury", as defined by Penal Law § 10.00 (9). Although the officer sought medical attention at the hospital, the record indicates that he sustained a scrape on his arm and a scratch on his head, had a headache and stiff neck for a few days, missed no time from work, and experienced "discomfort". Thus, the statutory requirement of substantial pain or physical impairment was not met (Penal Law § 10.00 [9]; § 120.05 [3]; *see, People v Foster,* 162 AD2d 703, *lv denied* 76 NY2d 856; *People v Powell,* 153 AD2d 54, *lv denied* 75 NY2d 969).

We, therefore, modify the judgment by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment. (Appeal from Judgment of Cayuga County Court, Corning, J. —Assault, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.