◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CURETON, Appellant. [701 NYS2d 659] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Maltese, J.), rendered November 26, 1996, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing (Vaughan, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the convictions of assault in the second degree and criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The People correctly concede that the evidence was legally insufficient to establish "physical injury" (Penal Law § 10.00 [9]). We thus vacate the conviction of assault in the second degree (*see, Matter of Robert C.,* 185 AD2d 845; *People v Goins,* 129 AD2d 733).

The defendant has not preserved for appellate review his contention that the evidence was legally insufficient to establish his guilt of criminal possession of a controlled substance in the seventh degree and criminal possession of a controlled substance in the third degree beyond a reasonable doubt (*see,* CPL 470.05 [2]; *People v Rodriguez,* 200 AD2d 775; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The People also correctly concede that criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third degree. We thus also vacate the conviction for that lesser-included offense (*see, People v Queen,* 258 AD2d 480).

The hearing court's restriction of the defendant's cross-examination of one of the People's witnesses during a combined *Mapp/Dunaway* hearing was a provident exercise of discretion (*see, Matter of Sheldon G.,* 234 AD2d 459, 460; *People v Ashner,* 190 AD2d 238, 246).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.