THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FLORIZEL JENNINGS, Respondent. [747 NYS2d 235]

We agree with the County Court that, under the circumstances of this case, the search of the defendant's person conducted incident to his arrest for the unlawful possession of marijuana, a violation under Penal Law § 221.05, was an unjustified warrantless search of unlimited scope and therefore was illegal. Strip searches of arrestees charged with misdemeanors or other minor offenses violate the Fourth Amendment of the United States Constitution unless there is a reasonable suspicion that the arrestee is concealing weapons or contraband based on the crime charged, the particular characteristics of the arrestee, or the circumstances of the arrest (*see Walsh v Franco*, 849 F2d 66 [2d Cir 1988]; *Weber v*

*Dell,* 804 F2d 796 [2d Cir 1986], *cert denied sub nom. County of Monroe v Weber,* 483 US 1020).

The police recovered a sandwich bag filled with marijuana from a vehicle in which the defendant was a passenger during a routine traffic stop. As a result, the occupants of the vehicle were ordered from the car and consented to a "pat search," which revealed no weapons or other contraband. The defendant and the other occupants were then handcuffed and transported to the sheriff's department for "further investigation." Upon arrival, they were strip-searched, and the police recovered crack cocaine and a small amount of marijuana from the defendant's boots. At no point during the suppression hearing did the police officers claim that the strip search was anything other than part of the investigation of the bag of marijuana, or that they suspected the defendant was concealing weapons or other contraband on his person.

The People's remaining contentions are either without merit or have been rendered academic in light of our determination. Ritter, J.P., Feuerstein, Adams and Mastro, JJ., concur.