■ The People of the State of New York, Respondent, v Joe Manley, Appellant. [789 NYS2d 502]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 10, 2003, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, assault in the second degree, and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and assault in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Under the circumstances of this case, the strip search of the defendant's person was illegal. It was conducted incident to his arrest for the crime of criminal possession of marijuana in the fifth degree, a class B misdemeanor under Penal Law § 221.10 (1). It represented an unjustified, warrantless search of unlimited scope. The evidence at the pretrial suppression hearing was insufficient to justify this body cavity search merely on the basis of the officers' observation of the defendant removing a small bag of marijuana from his boot (*see People v More,* 97 NY2d 209 [2002]; *People v Jennings,* 297 AD2d 644 [2002]; *cf. People v Kelley,* 306 AD2d 699, 700-701 [2003]). Nor was there evidence of exigent circumstances which justified dispensing with the warrant requirement (*see People v More, supra* at 214).

Accordingly, the physical evidence recovered from the defendant's buttocks should have been suppressed. His convictions of criminal possession of a controlled substance in the third and fourth degrees and the sentences imposed thereon must be vacated and those counts of the indictment dismissed.

Furthermore, the evidence was legally insufficient to support the defendant's conviction of assault in the second degree (*see* Penal Law § 120.05 [3]; *People v Hawkins,* 99 NY2d 592 [2003]). The People failed to establish that the complainant suffered physical injury as a result of the alleged kicks to his arm and leg inflicted by the defendant during the body cavity search (*see* Penal Law § 10.00 [9]; *Matter of Philip A.,* 49 NY2d 198, 200 [1980]; *People v Briggs,* 220 AD2d 762, 763 [1995]; *People v Windbush,* 163 AD2d 591, 593 [1990]; *People v Foster,* 162 AD2d 703, 704 [1990]). Accordingly, the defendant's conviction of assault in the second degree and the sentence imposed thereon must be vacated and that count of the indictment dismissed.

The defendant's remaining contention is academic in light of our determination. Smith, J.P., Luciano, Crane and Rivera, JJ., concur.