■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BAUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 3, 1986, convicting him of robbery in the second degree, assault in the third degree and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was tried as an accomplice of an individual identified to the court only as "Ike", who had grabbed a gold chain and name plate from the complainant's neck. The complainant, who was in the company of a friend and their dates, attempted to retrieve his property. During the course of the ensuing struggle, the complainant's companion Mark Carpenter twice attempted to interject himself into the fight to aid the complainant. Both times he was prevented from doing so by the defendant, who threatened to shoot Carpenter and displayed what appeared to be a gun protruding from his waist. As a result of his struggle with "Ike", the complainant sustained several punches to the eye.

On this appeal, the defendant claims, *inter alia,* that the prosecution failed to adduce legally sufficient evidence on several elements of the crimes charged. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), with regard to the convictions of robbery in the second degree and menacing, we find the evidence was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty on those charges was not against the weight of the evidence (CPL 470.15 [5]). We have reviewed the sufficiency of evidence of "physical injury" (Penal Law § 10.00 [9]), a required element

of assault in the third degree, and find that the People did not adduce the minimum threshold level of proof of substantial pain *(see, Matter of Philip A.,* 49 NY2d 198), in that they failed to develop with particularity the degree and duration of the pain sustained by the complainant and also failed to offer the hospital record in evidence.

We note that the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80).

Finally, we find no merit to the defendant's remaining contention. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.