■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBENEZER HOLDEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered May 20, 1987, convicting him of rape in the first degree, assault in the second degree, sexual abuse in the first degree and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The evidence adduced at trial was legally insufficient to establish that the complainant suffered "physical impairment" *(see, People v McDowell,* 28 NY2d 373), or "substantial pain" *(Matter of Philip A.,* 49 NY2d 198, 200). General undeveloped assertions that a victim felt pain when hit, in a record that does not indicate that the pain lasted for more than a short time, do not establish "physical injury" *(see,* Penal Law § 10.00 [9]; *People v Williams,* 101 AD2d 870). Here, although the complainant testified she was struck several times prior to the rape, she did not elaborate on her injuries. She never testified as to the duration of the pain *(see, People v Goins,* 129 AD2d 733, *lv denied* 70 NY2d 704; *see also, People v Tabachnik,* 131 AD2d 611) and the fact that the complainant "was examined at a hospital sheds no light on the nature of the pain" *(People v Marrero,* 88 AD2d 998, 999-1000). This is especially so where, as in the instant case, the complainant's hospital records were lost by the hospital and thus never received into evidence at trial. In sum, as the People "failed to develop with particularity the degree and duration of the pain sustained by the complainant and also failed to offer the hospital record in evidence" *(People v Baum,* 143 AD2d 1024, 1025), they have failed to establish that the complainant sustained physical injury, a necessary element of the instant second degree assault charge (Penal Law § 120.05 [6]; *People v Baum, supra).*

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit *(see, People v Fappiano,* 139 AD2d 524, *lv denied* 72 NY2d 918; *People v Haupt,* 128 AD2d 172, *affd* 71 NY2d 929). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.