■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL BRUCE, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Bianchi, J.), rendered December 15, 1988, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict finding the defendant guilty of attempted rape in the first degree and assault in the second degree.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the motion which was to set aside the jury verdict finding the defendant guilty of attempted rape in the first degree and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing.

In deciding the defendant's motion to set aside the verdict pursuant to CPL 330.30 (1), the trial court should have considered only whether there was legally sufficient evidence to support the verdict (see, People v Carter, 63 NY2d 530), rather than whether the verdict was against the weight of evidence (see, People v Colon, 65 NY2d 888). These are separate and discrete analyses (see, People v Bleakley, 69 NY2d 490). In considering the legal sufficiency of the evidence, the court must view the evidence in the light most favorable to the People and then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Based upon this standard, the evidence adduced was legally sufficient

to establish the defendant's guilt of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), and the court erred in vacating the verdict of guilt on that count.

The trial evidence reveals that the complainant was at home with a female friend on February 19, 1988, when the defendant, her estranged husband, broke in the apartment door and punched the complainant in the face. As the friend ran from the apartment, the defendant grabbed the complainant by the hair, put her in the bedroom, and said: "I wasn't enough? * * * [w]ho was the man who came out the house?" The defendant pushed the complainant onto the bed, grabbed her by the arm, ripped her sweater, and hit her in the back of the head with his fist, causing her to lose consciousness for approximately two minutes. The complainant awoke to find the defendant shaking her and shouting "[b]itch, wake up, bitch, wake up". The complainant was dazed and "couldn't get herself together". According to the complainant, the defendant then stated: "I know the cops are going to come * * * [b]itch, I should make you jump out the sixth floor window". The defendant grabbed the complainant by the shirt, scratched her neck and ripped off her clothing. Approximately five minutes before the police arrived in the bedroom, he said: "[b]itch, I'm going to [expletive] you to death" and unzipped his pants. When a Housing Police officer arrived at the scene, he observed the complainant lying on the bed naked and crying, and the defendant standing approximately three feet from the bed with his pants down between his knees and waist. From the defendant's conduct and the surrounding circumstances, a jury could infer the defendant's intent to rape the complainant, and could conclude that he carried his project forward within dangerous proximity to the criminal end to be attained (see, People v Pereau, 64 NY2d 1055; People v Bracey, 41 NY2d 296). The fact that the complainant and the defendant were married but had been living separate and apart for more than one year is totally irrelevant when viewing the evidence in this case, inasmuch as the so-called marital exemption set forth in Penal Law § 130.00 (4) has been declared violative of the Equal Protection Clauses of both the Federal and State Constitutions (see, People v Liberta, 64 NY2d 152). Accordingly, the Supreme Court erred in considering the "marital context of this case" in reaching its determination as to the legal sufficiency of the evidence of attempted rape in the first degree.

However, the court correctly concluded that the evidence adduced was legally insufficient to establish the physical

injury element of assault in the second degree. The People were required to submit proof that the complainant suffered "impairment of [her] physical condition or substantial pain" (Penal Law § 10.00 [9]). While there was testimony indicating that the defendant struck the complainant and that the complainant was in pain after the incident, there was no proof offered concerning either the duration or the degree of her pain (see, Matter of Philip A., 49 NY2d 198; People v Holden, 148 AD2d 635). Specifically, the complainant did not testify as to how long any of her injuries persisted or whether and in what manner those injuries impaired her physical functions or ability to work (see, People v Franklin, 149 AD2d 617; People v Holden, supra). Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.