THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SANFORD, Appellant. [747 NYS2d 789]

The branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the apartment where he was apprehended. Therefore, he lacked standing to challenge the validity of the search (*see People v Rodriguez,* 69 NY2d 159; *People v Abreu,* 239 AD2d 424).

The Supreme Court properly determined that the explanation proffered by the defense counsel when the prosecution made a reverse-*Batson-Kern* challenge (*see Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638) was a mere pretext offered in an attempt to conceal a racially-discriminatory intent based on the defense counsel's less-than-uniform application of the "prior jury service" factor. Accordingly, the two challenged jurors were properly seated.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.