▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO BAEZ, Appellant. [785 NYS2d 749]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 8, 2003, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the second degree to attempted assault in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on that count.

The defendant contends that the evidence of "physical injury," an element of the crime of assault in the second degree, was legally insufficient. Contrary to the People's contention, this issue is preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Soto,* 8 AD3d 683, 684 [2004], *lv denied* 3 NY3d 712 [2004]). Moreover, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we agree with the defendant that it was legally insufficient to establish that the complainant suffered either "substantial pain" or "impairment of [his] physical condition" as a result of the injury to his shoulder (*see* Penal Law § 120.05 [2]; § 10.00 [9]; *Matter of Philip A.,* 49 NY2d 198, 200 [1980]; *Matter of Robert C.,* 185 AD2d 845 [1992]; *People v Bruce,* 162 AD2d 604, 605 [1990]; *People v Holden,* 148 AD2d 635 [1989]). The complainant cleaned and bandaged the injury himself and testified to only limited restrictions. No expert testimony was proffered as to either the extent of the injury or the duration of the limitation.

However, the evidence was legally sufficient to establish the defendant's guilt of the lesser-included offense of attempted assault in the second degree (*see* CPL 470.15 [2] [a]; *People v Lobo,* 6 AD3d 550 [2004]; *People v Harris,* 305 AD2d 614, 615 [2003]), which does not require evidence of physical injury (*see People v Koufomichalis,* 2 AD3d 987, 988 [2003]). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the criminal possession of a weapon in the fourth degree count (*see* Penal Law § 265.01) was not against the weight of the evidence (*see* CPL 470.15 [5]). Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.