■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOUNG MIN KWAK, Appellant. [814 NYS2d 614]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 25, 2002, convicting defendant, after a jury trial, of murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 17 years to life, unanimously affirmed.

After a shot was fired in an adjacent courtroom, outside the jury's presence but possibly within its hearing, the court properly exercised its discretion in denying defendant's request for a mistrial, or for individual inquiries of the jurors (*see People v Buford*, 69 NY2d 290, 298-299 [1987]). The court's instructions and its inquiry directed to the jury as a group were sufficient to avoid any prejudice. The incident had no connection to defendant or the case on trial, and there was no reason to

believe it would render any juror unqualified to continue serving (*see People v Figueroa*, 4 AD3d 118 [2004], *lv denied* 2 NY3d 799 [2004]). Furthermore, the court had the opportunity to observe the jurors' demeanor in evaluating whether the incident had any apparent effect.

The verdict was not against the weight of the evidence. There was extensive evidence of defendant's intent to kill the deceased, with whom defendant had reason to be angry. Among other things, there was forensic and medical evidence supporting the inference that defendant fired a shot downward at the fallen victim, fatally perforating his carotid artery. Furthermore, the evidence did not indicate that defendant was so intoxicated as to be unable to form the necessary intent.

There was no de facto amendment of the indictment at the close of the People's case (*see People v Rivera*, 84 NY2d 766, 770-771 [1995]). The indictment charged defendant with causing the death of the named deceased "with intent to cause the death of another person," but without naming the other person. This language tracked Penal Law § 125.25 (1), and was sufficient to allege both direct intent to kill the victim and transferred intent, that is, a theory that defendant intended to shoot someone else but missed and hit the victim instead (*see People v Fernandez*, 88 NY2d 777, 781-782 [1996]). There is nothing in the wording of the indictment, or in the circumstances of the case, that would lead defendant to mount a defense limited to transferred intent.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Friedman, Williams and Sweeny, JJ.