■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL QUITO, Appellant. [840 NYS2d 622]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 3, 2006, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the People rested, the defendant moved to dismiss the charge of robbery in the second degree but did not make any

specific arguments regarding the charge of grand larceny in the fourth degree. Thus, his legal sufficiency argument with respect to his conviction of grand larceny in the fourth degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, that argument is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree and grand larceny in the fourth degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Since the defendant failed to join in or adopt the *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) of his jointly-tried codefendant, and because the defendant did not raise his own *Batson* challenge, the defendant failed to preserve such contention for appellate review. In any event, the defendant's contention that the People committed a *Batson* violation is without merit. To establish a prima facie case of discrimination in the selection of jurors under *Batson*, a defendant must show that the exercise of peremptory challenges by the prosecution removed one or more members of a cognizable racial group from the venire and that facts and other relevant circumstances support a finding that the use of these peremptory challenges excluded potential jurors because of their race (*see People v Brown*, 97 NY2d 500, 507 [2002]). Here, the *Batson* challenge made by the codefendant was properly denied as there was no prima facie showing of discrimination. The mere fact that the prosecutor exercised four out of eight peremptory challenges against black men was insufficient to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Brown, supra* at 507; *People v London*, 38 AD3d 570 [2007]; *People v Fryar*, 29 AD3d 919, 920 [2006]; *People v Stanley*, 292 AD2d 472, 473 [2002]). Since the requisite pattern of discrimination was not established, the burden never shifted to the prosecutor to come forward with a race-neutral explanation for his peremptory challenges (*see People v Brown, supra*).

Further, the court properly granted the People's reverse-*Batson-Kern* application (*see Batson v Kentucky, supra*; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]; *see also People v Nieves-Andino*, 30 AD3d 1137 [2006], *affd* 9 NY3d 12 [2007]; *People v Sanford*, 297 AD2d 759 [2002]). The record supports the court's finding of pretext with regard to the two

prospective jurors at issue and that finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Although defense counsel provided race-neutral reasons for challenging the two jurors, including their status as crime victims, the record establishes that defense counsel did not challenge other jurors with similar backgrounds. Accordingly, the two challenged jurors were properly seated.

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the circumstances in totality as of the time of the representation reveals that the defendant was afforded meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The defendant failed to demonstrate that defense counsel's trial strategy lacked a legitimate explanation, and he therefore failed to overcome the presumption that "counsel acted in a competent manner and exercised professional judgment" (*People v Rivera*, 71 NY2d 705, 709 [1988]).

The defendant's remaining contention, regarding the discharge of a certain venireperson, is without merit. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.