■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant. [866 NYS2d 201]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 29, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he did not unequivocally invoke his right to remain silent after receiving *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Jones,* 277 AD2d 329 [2000]). Consequently, the Supreme Court properly declined to suppress the statements he made to law enforcement officials.

The defendant's contention that the court erred in permitting his wife to testify about certain observations she made in their home is without merit. While "disclosive acts" as well as words may be protected by the marital privilege (*People v Daghita*, 299 NY 194, 199 [1949]), here the acts were either daily and ordinary exchanges between spouses or acts which were not "induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship" (*Poppe v Poppe*, 3 NY2d 312, 315 [1957]), and thereby beyond the bounds of the privilege (*see People v Melski*, 10 NY2d 78, 81 [1961]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.