■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JAMES SCOTT, Appellant. [894 NYS2d 532]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered October 19, 2006, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree (four counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by vacating the convictions of robbery in the second degree (two counts) and reckless endangerment in the first degree under counts 6, 7, and 10 of the indictment, respectively, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

On June 15, 2005, at approximately 9:25 P.M., the defendant Leroy James Scott and another male approached Mr. Hyun Lee and Mrs. Eun Lee in a residential area in Flushing, Queens, as they returned home from working at their fish store. As Mr. Lee approached the steps to his home, he heard a noise, turned, and observed a man pointing a gun at his wife. Mr. Lee turned and ran toward the back door of his house and heard two gunshots behind him. He continued to run toward a parking area behind his house and towards the street. He heard another shot behind him and continued to run. Mr. Lee tripped and fell to the ground, and saw the defendant pointing a gun at him. A struggle between the two ensued, as Mr. Lee attempted to grab the gun and disarm his assailant. The defendant told Mr. Lee to remove his clothes and, when he complied, the defendant searched through his pockets and took a phone, a wallet, and the sum of $4,000 in cash.

The other perpetrator knocked Mrs. Lee to the ground and, with the assistance of a third perpetrator who arrived at the scene, took her pocketbook, which contained the sums of approximately $2,000 in cash and $1,000 in food stamps.

Police officers who were in the area responded, and gave chase to the perpetrators as they attempted to flee, eventually apprehending the defendant several blocks away from the Lees' home, and retrieving a gun, which one of the officers observed the defendant discard during his flight. A bullet was recovered from a van in the vicinity of the attack, which was in a residential area.

The defendant argues that the evidence of his guilt of reckless endangerment in the first degree was legally insufficient since the People failed to prove that anyone other than Mr. Lee was endangered by his conduct. We agree. Contrary to the People's contention that the defendant's conduct endangered unspecified "residents of the neighborhood," they presented no evidence that any person other than Mr. Lee "was in or near the line of fire" (*People v Bennett*, 193 AD2d 808, 809 [1993]) and, thus, failed to prove that the defendant's conduct created "a grave risk of death" to any such person (Penal Law § 120.25). Moreover, even viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally insufficient to permit a rational juror to conclude that the defendant acted with depraved indifference to human life (*see People v Sallitto*, 125 AD2d 345 [1986]; *see generally People v Feingold*, 7 NY3d 288 [2006]). Accordingly, the count charging the defendant with reckless endangerment in the first degree must be dismissed.

With respect to the defendant's conviction of robbery in the second degree as it relates to his conduct directed at Mrs. Lee, the People correctly concede that there was no legally sufficient evidence establishing that she sustained a physical injury, a necessary element of that crime, and, thus, this count must be dismissed as well (*see People v Chiddick*, 8 NY3d 445, 447-448 [2007]).

With respect to the defendant's conviction of robbery in the second degree as it relates to his conduct directed at Mr. Lee, viewing the evidence in the light most favorable to the People, there was legally sufficient evidence to establish that Mr. Lee sustained a physical injury (*see People v Contes*, 60 NY2d 620 [1983]). We nevertheless find, in conducting an independent review of the weight of the evidence, that the weight of the evidence does not support the jury's conclusion that Mr. Lee sustained a physical injury (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]). Thus, that count must also be dismissed.

Contrary to the defendant's contention, the Supreme Court properly granted the People's reverse *Batson-Kern* application

(*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]) with respect to two prospective jurors. The Supreme Court's determination that the facially race-neutral reasons proffered by defense counsel to explain the peremptory challenges of those jurors were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record (*see People v Fortunato*, 59 AD3d 735 [2009]; *People v Boston*, 52 AD3d 728, 728-729 [2008]; *People v Quito*, 43 AD3d 411, 412-413 [2007]; *People v Thompson*, 34 AD3d 852, 853 [2006]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction (*see People v White*, 50 AD3d 708 [2008]; *cf. People v Gallagher*, 69 NY2d 525, 530 [1987]). Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.