■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD KING, Appellant. [903 NYS2d 56]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 16, 2008, convicting him of attempted murder in the second degree, assault in the first degree, robbery in the first degree (three counts), robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 20, 2006, the then-16-year-old defendant and two unapprehended accomplices accosted a young married couple walking in their neighborhood in Maspeth, Queens. After the assailants took the couple's money and ATM cards at gunpoint, the husband resisted being separated from his pregnant wife and one of the assailants shot him in the head. Several days after the shooting, the wife identified the defendant as the gunman in a photograph and in a subsequent line-up. The husband survived with resulting complications, including that the bullet cannot be removed from his brain without causing additional damage.

After a jury trial, the defendant was convicted of attempted murder in the second degree, assault in the first degree, three

counts of robbery in the first degree, two counts of robbery in the second degree, and criminal possession of a weapon in the second degree. The Supreme Court sentenced the defendant to a determinate term of imprisonment of 22 years and a five-year period of postrelease supervision for each count of attempted murder, first-degree assault, and first-degree robbery, and to a determinate term of imprisonment of 15 years and a five-year period of postrelease supervision on each count of second-degree robbery and criminal possession of a weapon, with all terms to be served concurrently.

The Supreme Court's determination that the facially race-neutral reasons for the defendant's peremptory challenges to two particular jurors were pretextual "is entitled to great deference on appeal and will not be disturbed where, as here, [such determination] is supported by the record" (*People v Scott*, 70 AD3d 978, 980 [2010]; *see People v Fortunato*, 59 AD3d 735 [2009]; *People v Boston*, 52 AD3d 728, 728-729 [2008]; *People v Quito*, 43 AD3d 411, 412-413 [2007]). The Supreme Court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]) with respect to the two challenged prospective jurors (*see People v Scott*, 70 AD3d at 979-980; *People v Boston*, 52 AD3d at 728-729; *People v Quito*, 43 AD3d at 412-413).

Contrary to the defendant's contention, the jury instructions, on the whole, conveyed the correct standard to be employed with respect to the burden of proof, including "reasonable doubt" (*People v Fields*, 87 NY2d 821, 823 [1995]; *People v Coles*, 62 AD3d 1022, 1023 [2009]; *People v Love*, 37 AD3d 618, 619 [2007]; *People v Sanchez*, 29 AD3d 608 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.