■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. TAYLOR, Appellant. [921 NYS2d 553]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 11, 2008, convicting him of robbery in the second degree, grand larceny in the fourth degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree under count one of the indictment to robbery in the third degree, reversing the conviction of assault in the second degree under count three of the indictment and dismissing that count

of the indictment, and vacating the sentences imposed under counts one and three of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for resentencing on the conviction of robbery in the third degree.

We agree with the defendant that the People failed to present legally sufficient evidence of physical injury to sustain his convictions of robbery in the second degree (see Penal Law § 160.10 [2] [a]) and assault in the second degree (see Penal Law § 120.05 [6]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The complainant did not stop breathing, lose consciousness, bleed, sustain bruises, or suffer any other physical manifestations of pain or injury other than a scratch and some reddening on her neck, or otherwise objectively demonstrate that she was in substantial pain during and immediately after the attack. A visit by the complainant to the hospital immediately after the attack did not result in a diagnosis of injury or a prescription of any medication. The complainant also provided no details that would corroborate her subjective description of pain. Accordingly, there was not sufficient evidence from which a jury could infer that she suffered substantial pain (see People v Richmond, 36 AD3d 721, 722 [2007]; People v Pierrot, 31 AD3d 582 [2006]; People v Almonte, 23 AD3d 392, 393-394 [2005]; People v Baez, 13 AD3d 463, 464 [2004]; People v Briggs, 285 AD2d 651, 652 [2001]; People v Barnes, 261 AD2d 409, 410 [1999]; People v DiStefano, 252 AD2d 530, 530-531 [1998]; People v Holden, 148 AD2d 635 [1989]; cf. People v Greene, 70 NY2d 860, 862 [1987]; People v Cannon, 300 AD2d 407, 408 [2002]; People v Daniels, 159 AD2d 631, 631-632 [1990]).

The defendant's contention that the hearing court should have granted that branch of his omnibus motion which was to suppress the evidence recovered from his car is without merit.

Accordingly, the defendant's conviction of robbery in the second degree under count one of the indictment must be reduced to the lesser-included offense of robbery in the third degree (see Penal Law § 160.10 [2]; § 160.05), the conviction of assault in the second degree must be reversed, count three of the indictment must be dismissed, and the matter must be remitted to the County Court, Orange County, for resentencing on the conviction of robbery in the third degree. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.