■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BEDFORD, Appellant. [944 NYS2d 638]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered January 8, 2009, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of assault in the third degree under count 14 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt with respect to his convictions of attempted murder in the second degree and criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt with respect to those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to those convictions was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of assault in the third degree (*see* Penal Law § 120.00 [1]) is likewise unpreserved for appellate review (*see* CPL 470.05 [2]). However, we reach this issue in the exercise of our interest of justice jurisdiction. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally insufficient to establish, beyond a reasonable doubt, that the complainant sustained a "[p]hysical injury" within the meaning

of Penal Law § 10.00 (9). Accordingly, the defendant's conviction of assault in the third degree under count 14 of the indictment and the sentence imposed thereon must be vacated, and that count of the indictment dismissed.

The defendant's contention that the Supreme Court erred in permitting his wife to testify about certain observations she made in their home is without merit. The subject testimony involved acts which were not "induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship" (*Poppe v Poppe*, 3 NY2d 312, 315 [1957]; *see People v Mills*, 1 NY3d 269, 276 [2003]) and, therefore, was beyond the bounds of the marital privilege (*see People v Williams*, 54 AD3d 886 [2008]; *People v Parker*, 49 AD3d 974, 978 [2008]).

The defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Erskine*, 90 AD3d 674, 675 [2011], *lv denied* 18 NY3d 923 [2012]; *People v Greenlee*, 70 AD3d 966, 967 [2010]; *People v Taberas*, 60 AD3d 791, 793 [2009]). Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.