OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are modified, on the law, by deleting the provision of the sentence forbidding defendant from selling or mortgaging any real estate he owns or from divesting himself of any of his assets until the restitution is paid in full or a judgment is entered; as so modified, the judgments of conviction are affirmed.
Following a jury trial, defendant was convicted, based on two accusatory instruments, of, respectively, 2 counts and 11 counts of animal cruelty (Agriculture and Markets Law § 353). Defendant was sentenced to, among other things, three years of probation including 450 hours of community service, $17,000 in *60 restitution, and a fine of $1,000 per count, for a total of $13,000. In the event the monies were not paid within 90 days, defendant was forbidden from “selling or mortgaging any real estate he owns, or divesting [himself] of any assets, until the restitution is paid in full or a judgment is entered.” On appeal, defendant contends that he received the ineffective assistance of counsel and that his sentences were harsh and excessive.
To the extent that defendant’s contention that he was denied the effective assistance of counsel rests on matters outside the record, it is not reviewable on direct appeal as it implicates matters of trial strategy and/or concerns conversations or decisions not made in the courtroom which are dehors the record on appeal (see People v Williams, 34 Misc 3d 142[A], 2012 NY Slip Op 50089[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; People v Bregaudit, 31 Misc 3d 152[A], 2011 NY Slip Op 51136[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Chaplin, 16 Misc 3d 137[A], 2007 NY Slip Op 51741[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In regard to so much of this contention as was raised in the Justice Court in defendant’s CPL 440.10 motion, which motion was denied by order dated July 27, 2010, it is not reviewable since defendant did not obtain leave to appeal from that order (see CPL 450.15 [1]).
Insofar as the existing record permits review of defendant’s contention that he was denied the effective assistance of counsel (see People v Drago, 50 AD3d 920 [2008]), we find that defense counsel provided defendant with meaningful representation in accordance with the New York State standard (see NY Const, art I, § 6; People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]; People v Johnson, 71 AD3d 1048 [2010]; People v Garrett, 68 AD3d 781 [2009]). Moreover, counsel’s performance cannot be characterized as either deficient or prejudicial to defendant and, thus, was also in accordance with the federal standard (see US Const Amend VI; Strickland v Washington, 466 US 668 [1984]).
 It is well settled that where a sentence is within the permissible statutory guidelines it will not be disturbed unless there is a clear showing that the sentencing court abused its discretion or that extraordinary circumstances exist which require a modification of the sentence (see People v Dolphy, 257 AD2d 681 [1999]; People v Parson, 209 AD2d 882 [1994]). In our opinion, the sentences imposed were neither harsh nor excessive. However, inasmuch as CPL 420.10 does not provide for the *61 imposition of an injunction prohibiting a defendant from selling, mortgaging or divesting himself of property as a penalty for his failure to pay a fine, restitution or reparation, the judgments of conviction are modified by deleting the provision of the sentence forbidding defendant from selling or mortgaging any of his real estate or divesting himself of any assets until the restitution is paid in full.
LaCava, J.E, Nicolai and LaSalle, JJ., concur.