THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN YOUNG, Appellant. [951 NYS2d 735]—

Contrary to the defendant's contention, the Supreme Court did not improperly curtail the right of his counsel to participate in the jury selection process (*see* CPL 270.15 [1]; *see also People v Jean*, 75 NY2d 744 [1989]; *People v Thompson*, 45 AD3d 876, 877 [2007]).

However, we agree with the defendant that the People failed to present legally sufficient evidence of "physical injury" to sustain his conviction of robbery in the second degree (*see* Penal Law § 160.10 [2] [a]; *People v Contes*, 60 NY2d 620, 621 [1983]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although the question of whether physical injury has been established is generally for the jury to decide, "there is an objective level . . . below which the question is one of law" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]).

The complainant testified, inter alia, that during the subject incident, the defendant either "punched" or "pushed" her, causing her to fall to the ground. The complainant went to a hospital after the incident and underwent X-rays, but she did not receive treatment, apart from receiving Tylenol. The complainant testified that after this incident, she experienced generalized pain and soreness in her neck, arms, legs, and feet. The complainant did not testify to the degree or duration of the pain, other than generally describing the pain as having "intensified" after she returned to work one week after the incident.

Under these circumstances, there was insufficient evidence from which a jury could infer that the complainant suffered substantial pain or impairment of physical condition as a result of the subject incident (*see Matter of Philip A.*, 49 NY2d at 200; *People v Bedford*, 95 AD3d 1226 [2012], *lv denied* 19 NY3d 994 [2012]; *People v Taylor*, 83 AD3d 1105, 1106 [2011]; *People v Pierrot*, 31 AD3d 582 [2006]; *People v Almonte*, 23 AD3d 392, 393-394 [2005]). Accordingly, the defendant's conviction of robbery in the second degree under the first count of the indictment must be reduced to the lesser-included offense of robbery in the third degree (*see* Penal Law §§ 160.10 [2] [a]; 160.05), and the matter must be remitted to the Supreme Court, Kings County, for resentencing on the conviction of robbery in the third degree.

In light of our determination, we need not reach the defend-

ant's remaining contention. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.