■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURPHY BONEY, Appellant. [989 NYS2d 137]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February 24, 2010, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree under count one of the indictment to robbery in the third degree and by vacating the sentences imposed upon the defendant's convictions under counts one and two of the indictment; as so modified, the judgment is affirmed, and the matter is remitted

to the Supreme Court, Queens County, for sentencing on the conviction of robbery in the third degree and resentencing on the conviction of criminal possession of stolen property in the third degree.

Contrary to the People's contention, the defendant preserved for appellate review his claim that the Supreme Court erred in failing to conduct an individual inquiry of the jurors to determine whether a comment made by a complainant as he passed the jury when exiting the courtroom compromised the jurors' ability to render an impartial verdict (*see People v Buford*, 69 NY2d 290, 299 [1987]; *People v Ventura*, 113 AD3d 443, 446 [2014]). However, the court providently exercised its discretion in denying the defendant's request to conduct such an inquiry and instructing the jury to disregard any comment the jurors may have heard (*see People v Mejias*, 21 NY3d 73, 79-80 [2013]; *People v Argendorf*, 76 AD3d 1100, 1100 [2010]; *People v Benet*, 45 AD3d 1449, 1451 [2007]; *People v Young Min Kwak*, 29 AD3d 385, 385-386 [2006]).

However, we agree with the defendant that the People failed to present legally sufficient evidence of physical injury to sustain his conviction of robbery in the second degree (*see* Penal Law § 160.10 [2] [a]; *People v Contes*, 60 NY2d 620, 621 [1983]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The subject complainant testified that he sustained an injury to his left ring finger after he was attacked from behind and fell to the ground. The complainant went to the hospital after the incident, where his bruised finger was bandaged and placed in a splint, but X rays revealed no broken bones and there was no evidence presented that he was prescribed pain medication. A "bruise" was still present four years after the incident, but the complainant only testified generally that he felt pain on his hand and arms immediately after the incident, and he did not testify that the injury limited or diminished his ability to use his finger for any length of time. Under these circumstances, there was insufficient evidence from which a jury could infer that the complainant suffered substantial pain or impairment of physical condition (*see Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *People v Young*, 99 AD3d 739, 740 [2012]; *People v Bedford*, 95 AD3d 1226, 1226-1227 [2012]; *People v Taylor*, 83 AD3d 1105, 1106 [2011]; *People v Baksh*, 43 AD3d 1072, 1073-1074 [2007]; *People v Richmond*, 36 AD3d 721, 722 [2007]; *People v Baez*, 13 AD3d 463, 464 [2004]; *cf. Matter of Jamal M.*, 187 AD2d 654, 655 [1992]; *People v Talibon*, 138 AD2d 426, 427 [1988]). Accordingly, the defendant's conviction of robbery in the second degree

under count one of the indictment must be reduced to the lesser-included offense of robbery in the third degree (see Penal Law §§ 160.10 [2] [a]; 160.05).

Contrary to the defendant's contention, the delay between his conviction of criminal possession of stolen property in the third degree and sentencing was not unreasonable under the circumstances here, and he was not entitled to dismissal of that count of the indictment on that basis (see CPL 380.30 [1]; *People v Drake*, 61 NY2d 359, 365-366 [1984]; *People v Friel*, 53 AD3d 667, 669 [2008]; cf. *People ex rel. Harty v Fay*, 10 NY2d 374, 378-379 [1961]; *People v Morillo*, 94 AD3d 909, 912 [2012]; *People v Davis*, 29 AD3d 814, 816 [2006]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in sentencing him as a persistent felony offender (see Penal Law § 70.10 [2]; *People v Dixon*, 107 AD3d 735, 736 [2013]; *People v Bazemore*, 100 AD3d 915, 915 [2012]). However, since the court took into consideration the seriousness of the defendant's conviction of robbery in the second degree under count one of the indictment when sentencing him on his conviction of criminal possession of stolen property in the third degree under count two of the indictment, we vacate the sentences imposed under both counts and remit the matter to the Supreme Court, Queens County, for sentencing on the conviction of robbery in the third degree and resentencing on the conviction of criminal possession of stolen property in the third degree (see *People v Singh*, 78 AD3d 1080, 1082 [2010]). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.