Weston, J.P.
(concurring in part and dissenting in part, and voting to modify the judgment of conviction by vacating the conviction of assault in the third degree and dismissing the count of the accusatory instrument charging that offense, to affirm the judgment of conviction as modified, and to remit the matter to the Criminal Court for resentencing upon the remaining counts in accordance with CPL 470.20, in the following memorandum). While I agree with the majority in upholding defendant’s convictions of endangering the welfare of a child (two counts) (Penal Law § 260.10 [1]) and harassment in the second degree (Penal Law § 240.26 [1]), I would modify the judgment by vacating the conviction of assault in the third degree (Penal Law § 120.00 [1]) and dismissing that count of the accusatory instrument. In my opinion, the evidence was legally insufficient to establish the requisite element of physical injury.
To sustain a charge of assault in the third degree, the People must prove “physical injury,” which is defined as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). While subjective complaints of pain are relevant in determining whether a victim sustained substantial pain, “there is an objective level [of proof] . . . below which the question is one of law” (Matter of Philip A., 49 NY2d 198, 200 [1980]; see also People v Boley, 106 AD3d 753, 753-754 [2013]; People v Taylor, 83 AD3d 1105, 1106 [2011]). “[P]etty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives are not within the definition” of substantial pain (Matter of Philip A., 49 NY2d at 200 [internal quotation marks and citation omitted]).
Here, there was insufficient evidence from which the jury could infer that the complainant suffered substantial pain (see People v Boney, 119 AD3d 701 [2014]; People v Young, 99 AD3d 739, 740 [2012]; People v Taylor, 83 AD3d at 1106). The complainant testified that defendant had scratched the right side of the complainant’s face after defendant had become angry when the complainant had refused to move further into the elevator. The complainant described the altercation as lasting “[m]aybe a minute or two,” and did not call the police until almost half an hour later. Although the complainant was “under a lot of pain” and described the scratch as “bleeding,” she did not seek immediate medical attention. It was not until she had dropped off her older child at school, reported the *76 incident to the police, dropped off her younger child with his babysitter, and arrived at her job at a hospital that she received a tetanus shot and an antibiotic ointment. Although the complainant subsequently missed two days of work, she did not do so because of any pain, but because she worked in an “infectious disease clinic and . . . had an open wound on [her] face,” and was “mentally” unprepared to return to work. Moreover, nothing in the complainant’s testimony indicates that she took any pain medication following the incident. On this record, where the complainant’s “scratch” was the result of a “very brief” altercation motivated by hostility, and not by an intent to inflict as much pain as possible, I cannot agree that the proof was legally sufficient to sustain a finding of substantial pain (compare People v Chiddick, 8 NY3d 445, 447-448 [2007] [evidence that the defendant bit the complainant’s fingernail causing it to break and bleed was sufficient to establish substantial pain, where the defendant’s motive “was to inflict as much pain as he could”], with People v Boney, 119 AD3d at 702 [evidence that the complainant sustained a bruised finger, which bruise was present almost four years after the incident, was insufficient to establish physical injury; X rays revealed no broken bones, the complainant was not prescribed pain medication, and the complainant “only testified generally that he felt pain”], and People v Taylor, 83 AD3d at 1106 [“other than a scratch and some reddening on her neck,” for which she went to the hospital, the complainant failed to “objectively demonstrate that she was in substantial pain during and immediately after the attack”]).
Finally, unlike the majority, I would decline to review any of defendant’s ineffective assistance of counsel claims, as they concern matters of trial strategy which are dehors the record and thus not reviewable on direct appeal (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Folger, 110 AD3d 736 [2013]; People v Everle, 37 Misc 3d 58, 60 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Williams, 34 Misc 3d 142[A], 2012 NY Slip Op 50089[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; People v Bregaudit, 31 Misc 3d 152[A], 2011 NY Slip Op 51136 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Moreover, this is not the “rare case” where the trial record permits adequate review of defendant’s claims of ineffectiveness (see People v Rivera, 71 NY2d at 709). Instead, the appropriate vehicle for amplifying the record to determine such claims is a motion pursuant to CPL 440.10 (see People v Folger, 110 AD3d at 736).
*77 Accordingly, I would modify defendant’s judgment of conviction by vacating her conviction of assault in the third degree and dismissing the count of the accusatory instrument charging that offense, affirm the judgment of conviction as modified, and remit the matter to the Criminal Court for resentencing upon the remaining counts in accordance with CPL 470.20.
Solomon and Elliot, JJ., concur. Weston, J.P., concurs in part and dissents in part in a separate memorandum.