■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAN STOKES, Appellant. [32 NYS3d 314]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered May 14, 2014, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree

under count two of the indictment to robbery in the third degree, and by vacating the sentence imposed upon the defendant's conviction under count two of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of robbery in the third degree.

The Supreme Court's determination that the facially race-neutral reasons given for the defendant's peremptory challenges to two particular jurors were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, the determination is supported by the record (*see People v Scott*, 70 AD3d 978, 980 [2010]; *People v Fortunato*, 59 AD3d 735 [2009]; *People v Boston*, 52 AD3d 728, 728-729 [2008]; *People v Quito*, 43 AD3d 411, 412-413 [2007]). Accordingly, the court properly granted the People's reverse *Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]) with respect to the two challenged prospective jurors (*see People v Bell*, 126 AD3d 718, 720 [2015]; *People v Fogel*, 73 AD3d 803, 804 [2010]; *People v Clarke*, 64 AD3d 612 [2009]).

However, we agree with the defendant that the People failed to present legally sufficient evidence of physical injury to sustain his conviction of robbery in the second degree under count two of the indictment (*see* Penal Law § 160.10 [2] [a]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "Although the question of whether physical injury has been established is generally for the jury to decide, 'there is an objective level . . . below which the question is one of law' " (*People v Young*, 99 AD3d 739, 740 [2012], quoting *Matter of Philip A.*, 49 NY2d 198, 200 [1980]).

The subject incident occurred as the complainant, a doctor, was on her way to work at Brooklyn Hospital. The complainant testified that during the incident the defendant and another man shoved her and pulled her to the ground, then took her purse. After the incident, the complainant "collected [herself]" and then resumed walking to the hospital. The complainant testified that she sustained a laceration and a welt on the back of her head, scratches and bruises on her elbow, and other bruises. At the hospital, she was given painkillers, ice, and bandages. The complainant was not able to work for the rest of that day, but returned to work the next day. She testified that she was "sore for several days." Under these circumstances, there was insufficient evidence from which a jury could infer that the complainant suffered substantial pain or impairment of her physical condition (*see*

*Matter of Philip A.*, 49 NY2d at 200; *People v Boney*, 119 AD3d 701, 702 [2014]; *People v Young*, 99 AD3d 739, 740 [2012]; *People v Taylor*, 83 AD3d 1105, 1106 [2011]; *People v McCummings*, 203 AD2d 656, 657 [1994]; *People v Goins*, 129 AD2d 733, 734 [1987]). Accordingly, the defendant's conviction of robbery in the second degree under count two of the indictment must be reduced to the lesser-included offense of robbery in the third degree (*see* Penal Law §§ 160.10 [2] [a]; 160.05; *People v Young*, 99 AD3d at 740), and the matter must be remitted to the Supreme Court, Kings County, for sentencing on the conviction of robbery in the third degree.

Contrary to the defendant's contentions, the sentences imposed for his convictions of robbery in the second degree under count one of the indictment (*see* Penal Law § 160.10 [1]) and criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40) were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Hall, J.P., Cohen, Miller and Barros, JJ., concur.