People v Boney (2023 NY Slip Op 05269)

People v Boney

2023 NY Slip Op 05269

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2016-01054
 (Ind. No. 502/06)

[*1]The People of the State of New York, respondent,
v
Murphy Boney, appellant.

Barry Krinsky, Brooklyn, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Christopher M. Ciccolini on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Gregory Lasak, J.), imposed January 19, 2016, upon his conviction of robbery in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, after remittitur from this Court for resentencing (see People v Boney, 119 AD3d 701).
ORDERED that the resentence is affirmed.
The defendant was originally convicted of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and sentenced as a persistent felony offender to two concurrent indeterminate terms of imprisonment of 18 years to life. In a prior decision and order of this Court, this Court reduced the defendant's conviction of robbery in the second degree to robbery in the third degree, and remitted the matter to the Supreme Court, Queens County, for resentencing. In so doing, this Court held that "[c]ontrary to the defendant's contention, the Supreme Court providently exercised its discretion in sentencing him as a persistent felony offender" (People v Boney, 119 AD3d 701, 703).
The defendant was resentenced as a persistent felony offender to two concurrent indeterminate terms of imprisonment of 15 years to life, which is the statutory minimum for persistent felony offenders for whom the court has determined that the history and character of the defendant and the nature and circumstances of his or her criminal conduct indicates that extended incarceration and life-time supervision will best serve the public interest (see Penal Law §§ 70.10[2][a], [3][a][i], 70.10[2]; CPL 400.20[1]).
At the original sentencing proceeding, the defense counsel acknowledged that the defendant was "eligible" to be sentenced as a persistent felony offender based upon eight prior felony convictions. Further, this Court held that it was a provident exercise of discretion to sentence the defendant as a persistent felony offender (see People v Boney, 119 AD3d at 703). There is nothing in this record which would indicate otherwise.
The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit (see People v Quinones, 12 NY3d 116, 126; People v Kuey, 83 NY2d 278, [*2]283).
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court