■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON A. STONE, Appellant. [758 NYS2d 176] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 26, 2001, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and unlawful imprisonment in the first degree.

After pleading guilty to the crimes of sexual abuse in the first degree and unlawful imprisonment in the first degree, defendant moved to withdraw his plea on the basis that he was under the influence of medication at the time of entering the plea, was innocent of the charges and did not understand the ramifications of the plea agreement. Following a hearing, County Court denied defendant's motion. Thereafter, he was sentenced in accordance with the plea agreement to six months in jail for the sexual abuse conviction and five years' probation for the unlawful imprisonment conviction. Defendant appeals.

We affirm. Our review of the record, including the transcripts of the plea colloquy and the hearing on the motion, discloses adequate support for County Court's denial of defendant's request to withdraw his plea (see People v D'Adamo, 293 AD2d 869, 870 [2002], lv denied 98 NY2d 730 [2002]). Defendant testified that he was under the influence of anxiety medication at the time of entering his plea which caused him to experience difficulty concentrating and to be "emotionally ambivalent." His counsel, however, testified that defendant appeared to understand the proceedings and did not exhibit a mental impairment which would have prompted him to request a psychiatric examination pursuant to CPL article 730. County Court concurred with counsel's observations that defendant's medication did not deprive him of the ability to comprehend the ramifications of the plea. Notably, no medical testimony was elicited at the hearing concerning the mental deficiencies allegedly suffered by defendant as a result of the medication.

Further, although defendant maintains his innocence of the charges, his counsel testified that defendant related three different and inconsistent scenarios of the incident in question, including one in which he admitted to having sexual contact with the victim. In addition, while defendant testified that he mistakenly thought one of the charges to which he was pleading guilty was a misdemeanor, his counsel denied any misrepresentation and stated that defendant, albeit unhappy, fully understood that he was pleading guilty to two felonies. Contrary to defendant's claim, his counsel further stated that he

never refused to take the case to trial. Notably, during the plea allocution, defendant unequivocally stated that he was not pressured or coerced into entering the plea and was satisfied with the services of his attorney. Absent evidence in the record substantiating defendant's claims of innocence and mental incapacitation, we find no abuse of discretion in the denial of defendant's motion (*see People v Batcher*, 291 AD2d 581, 582 [2002]).

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.