■ The People of the State of New York, Respondent, v Angel Reyes, Appellant. [789 NYS2d 588]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered December 2, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously reversed on the law, the indictment is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that Supreme Court lost jurisdiction to impose sentence based on the seven-year delay between the entry of the plea and sentencing. We agree. Pursuant to CPL 380.30 (1), a "[s]entence must be pronounced without unreasonable delay" and, "unless excused[, an unreasonable delay] result[s] in a loss of jurisdiction requiring dismissal of the indictment" (*People v Drake*, 61 NY2d 359, 367 [1984]). "[W]here the delay is long and unexplained, the courts will hold it unreasonable" (*id.* at 366). We note, however, that a defendant "bears no burden to pursue his own sentencing" (*People v Hatzman* [appeal No. 1], 218 AD2d 185, 189 [1996]; *see Drake*, 61 NY2d at 362).

Although it is undisputed that defendant absconded, it also is undisputed that the People had actual knowledge that defendant was incarcerated in Pennsylvania. Defendant is thus "primarily responsible" for the portion of the delay before the People learned of his incarceration in Pennsylvania (*People v Pierre-Paul*, 289 AD2d 262, 262 [2001], *lv denied* 97 NY2d 732 [2002]; *see People v Campbell*, 306 AD2d 495 [2003]; *People v Ragin*, 302 AD2d 219 [2003], *lv denied* 99 NY2d 657 [2003]). Once the People had knowledge that defendant was incarcerated in Pennsylvania, however, the delay is excusable only if the People made diligent efforts to secure defendant's presence in New York (*see People v Turner*, 222 AD2d 206, 206-207 [1995], *lv denied* 88 NY2d 855 [1996]; *People v Reyes*, 214 AD2d 233 [1995], *lv denied* 87 NY2d 850 [1995]). Here, the record is devoid of any evidence that the People made any efforts to secure defendant's presence in New York. Only after defendant had completed serving his Pennsylvania sentence did the People herein pursue sentencing. Because the delay was long and unexplained, we conclude that the delay was unreasonable and the court lacked jurisdiction to impose the sentence (*see generally People v Monaghan*, 34 AD2d 815 [1970]). We therefore reverse the judgment, dismiss the indictment and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45. Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ. [As amended by unpublished order entered Mar. 18, 2005.]