■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MORILLO, Appellant. [942 NYS2d 158]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 31, 2009, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated September 17, 2010, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of

conviction is granted, the judgment is vacated, and the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order.

On May 15, 2000, in the Supreme Court, Queens County, the defendant entered a plea of guilty to robbery in the first degree in exchange for an indeterminate sentence of 3 to 6 years. The Supreme Court adjourned the matter for sentencing. In the interim, on November 13, 2000, the defendant was arrested in Pennsylvania. Thereafter, on November 30, 2000, the defendant was transferred to federal custody and charged with certain crimes relating to an armed robbery of a jewelry store.

In December 2000, upon the defendant's failure to appear for sentencing, the Supreme Court issued a bench warrant for the defendant's arrest. On October 18, 2001, the defendant entered a plea of guilty on the federal charges, and he was subsequently sentenced to a prison term of 140 months.

The Federal Bureau of Prisons (hereinafter the Bureau of Prisons) sent a "Detainer Action Letter" dated September 5, 2002, to the Queens County District Attorney's Office (hereinafter the District Attorney's Office) inquiring as to whether the District Attorney's Office wanted a detainer to be placed on the defendant, in which case a certified copy of the warrant was required. Subsequently, the Bureau of Prisons sent two additional "Detainer Action Letter(s)" dated June 16, 2008, and November 4, 2008, respectively, to the District Attorney's Office.

Meanwhile, the defendant sent a letter dated June 17, 2008, to, among others, the Clerk of the Supreme Court, Queens County, asking the Clerk to resolve the outstanding bench warrant. On December 8, 2008, the defendant moved, pro se, in effect, to be sentenced to a term of incarceration concurrent with his federal term of incarceration. In February 2009 the People moved for a writ of habeas corpus ad prosequendum (see CPL 580.30) requesting that the defendant be transferred from federal custody and sentenced on the robbery conviction. On March 31, 2009, the defendant appeared with counsel for sentencing, and was sentenced to an indeterminate term of imprisonment of 5 to 10 years. Defense counsel did not move at sentencing to dismiss the indictment on the ground that the Supreme Court no longer had jurisdiction due to the delay in sentencing.

The defendant appealed from the judgment of conviction and moved pursuant to CPL 440.10 to vacate the conviction. In his motion, the defendant claimed that the Supreme Court lost jurisdiction to sentence him because of the nine-year delay between his plea and sentence. In addition, the defendant argued that his attorney at sentencing was ineffective for failing to move to dismiss the indictment based upon the delay in sentencing. The People opposed the motion, arguing that it was procedurally barred and, in any event, without merit. In response to the defendant's motion, the People's case file was produced. In connection with the defendant's motion, the parties stipulated that counsel who represented the defendant at sentencing had no knowledge of *People v Drake* (61 NY2d 359 [1984]).

In an order dated September 17, 2010, the Supreme Court denied the defendant's motion. The Supreme Court held that the defendant's claims regarding the delay in sentencing and ineffective assistance of counsel for failure to raise the issue of the delay are based upon matters that are on the record and could have been be raised on direct appeal. On the merits, the Supreme Court determined that it did not lose jurisdiction over the defendant for failure to pronounce sentence in accordance with CPL 380.30 and, as a result, the defendant's counsel at sentencing was not ineffective for failing to raise that claim.

On his direct appeal, the defendant argues that the sentence imposed was unduly harsh and excessive. In addition, the defendant appeals, by permission, from the order dated September 17, 2010, and argues, inter alia, in effect, that the order should be reversed on the ground that the Supreme Court lost jurisdiction to sentence him. The Supreme Court should have granted the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

CPL 380.30 (1) provides that a "[s]entence must be pronounced without unreasonable delay." If a long and unexplained sentencing delay is the product of judicial or prosecutorial negligence or mistake, rather than the product of the defendant's own conduct, the indictment must be dismissed (*see People v Drake*, 61 NY2d at 366-367; *see also People v Campbell*, 97 NY2d 532, 534 [2002]). However, the People do not have a duty to make efforts to apprehend an absconding defendant (*see People v Davis*, 29 AD3d 814, 816 [2006]; *People v Headley*, 134 AD2d 519 [1987]).

Here, the initial reason for the delay in sentencing was the defendant's arrest and incarceration in Pennsylvania in November 2000. Nevertheless, the People's case file demonstrated that, by letter dated September 5, 2002, the Bureau of Prisons notified the People that the defendant was awaiting

sentencing in New York. In addition, the Bureau of Prisons requested that it be notified if the People intended to lodge a bench warrant as a detainer against the defendant. Thus, the defendant was primarily responsible for the portion of the delay before the People learned of his whereabouts in September 2002.

Conversely, after September 5, 2002, the People had actual knowledge of the defendant's whereabouts, and the delay in sentencing was excusable only if the People made efforts to secure the defendant for sentencing. The evidence before the Supreme Court demonstrates that the People made no efforts to secure the defendant's presence in New York after receiving notice that the defendant was in federal custody in September 2002. It was the defendant who pursued his own sentencing by submitting the letter to the Clerk of the Supreme Court, Queens County, in 2008, and by moving, pro se, to be sentenced to a period of incarceration concurrent with his federal period of incarceration. It was only after these efforts by the defendant to be sentenced that the People moved, in February 2009, to have the defendant sentenced on the robbery conviction in New York. A defendant has no "duty to demand sentence and the question of retention or loss of jurisdiction should not depend on activity or nonactivity of [the] defendant" (*People ex rel. Harty v Fay*, 10 NY2d 374, 377 [1961]; *see People v Davis*, 29 AD3d at 816; *People v Reyes*, 15 AD3d 868, 869 [2005]). Considering that the delay in sentencing from September 2002 to February 2009, a span of greater than six years, was extensive and unexplained, the sentencing court lacked jurisdiction to impose sentence (*see People v Drake*, 61 NY2d at 366-367; *People ex rel. Harty v Fay*, 10 NY2d at 379; *People v Davis*, 29 AD3d 814 [2006]; *People v Reyes*, 15 AD3d 868 [2005]). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, and thereafter dismissed the indictment pursuant to CPL 380.30 (1).

In light of our determination, the defendant's remaining contentions have been rendered academic. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.