Stein, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 22, 2013, convicting defendant upon his plea of guilty of the crime of failure to register under the Sex Offender Registration Act.
After defendant allegedly resided at two different locations and failed to register as a sex offender as required, he was indicted for failure to register under the Sex Offender Registration Act. In June 2012, defendant pleaded guilty to that charge and County Court (Buckley, J.) ordered a presentence investigation report (hereinafter PSI) to be completed by sentencing, which was scheduled for November 26, 2012. On November 16, 2012, the Chemung County Probation Department requested an *1345 extension for completion of the PSI until February 25, 2013, citing the fact that defendant had since moved to Queens and, as a result of Hurricane Sandy, the New York City Probation Department had been unable to access the necessary records to complete the PSI. County Court (Hayden, J.) granted the extension.
Subsequently, defendant moved to dismiss the indictment, pursuant to CPL 380.30, based upon the lengthy delay in sentencing. The court denied said motion and defendant appeared for sentencing in April 2013. At the commencement of the hearing, the court questioned defendant as to whether he had been drinking alcohol. After an initial denial, defendant admitted that he had been drinking the night before and, after his consent to be tested, he was found to have a .089 blood alcohol content. Thereafter, defendant was sentenced to 10 months in jail and he now appeals.
We affirm. We reject defendant’s contention that County Court abused its discretion in sentencing him because he lacked capacity due to his intoxication. The record of the sentencing hearing demonstrates that defendant’s behavior was appropriate and that he actively participated in the hearing, acknowledged his responsibility to register and argued cogently for leniency. Accordingly, we find that the court did not abuse its discretion in proceeding with sentencing and find no grounds upon which to disturb the sentence imposed (see e.g. People v Yu-Jen Chang, 92 AD3d 1132, 1135 [2012]; People v Dowling, 92 AD3d 1034, 1034-1035 [2012], lv denied 18 NY3d 993 [2012]; People v Stone, 303 AD2d 782, 782 [2003]; People v Borowsky, 289 AD2d 604, 604-605 [2001]). Under these circumstances, we also reject defendant’s contention that he was deprived of the effective assistance of counsel due to counsel’s failure to object to sentencing (see People v Shiels, 93 AD3d 992, 992-993 [2012]; People v McFarren, 83 AD3d 1209, 1210 [2011], lv denied 17 NY3d 860 [2011]).
Nor do we find merit to defendant’s argument that County Court violated his right to be sentenced without an unreasonable delay. Only delays that are inexcusable and unduly long violate the statutory directive (see CPL 380.30 [1]; People v Dissottle, 68 AD3d 1542, 1543 [2009], lv denied 14 NY3d 799 [2010]; People v Arroyo, 22 AD3d 881, 882 [2005], lv denied 6 NY3d 773 [2006]). Here, inasmuch as the Probation Department was prevented from completing defendant’s PSI due to the effects of a hurricane, the approximate 10-month delay between his plea and sentencing does not warrant vacatur of his conviction and dismissal of the indictment (see e.g. People v Drake, 61 NY2d *1346 359, 366 [1984]; People v Dissottle, 68 AD3d at 1543; People ex rel. Weingard v Casscles, 40 AD2d 530, 530 [1972]). Defendant’s remaining contentions have been examined and found to be without merit.
Peters, EJ., Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the judgment is affirmed.