The People of the State of New York, Respondent,
against
Julio Guaman, Appellant.




New York City Legal Aid Society (William, B. Carney of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and William H. Branigan of counsel), for respondent.

Appeal from a purported judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), purportedly entered upon defendant's conviction, upon his plea of guilty, of reckless driving.




ORDERED that the appeal is dismissed.
On June 15, 2014, the People charged defendant, in an information, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). On February 10, 2016, defendant appeared before Judge Ernest F. Hart, and, pursuant to a negotiated plea and sentencing agreement, defendant pleaded guilty to unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) and reckless driving (Vehicle and Traffic Law § 1212) in satisfaction of the accusatory instrument. Defendant was sentenced on the conviction of unlicensed operation of a motor vehicle, but the court deferred sentencing on the reckless driving conviction pending defendant's satisfaction of certain conditions for the imposition of the agreed-upon sentence to a conditional discharge. On July 12, 2016, the Criminal Court (Stephanie L. Zaro, J.) determined that defendant had satisfied the conditions for imposition of the sentence to a conditional discharge and released defendant from further compliance obligations but without imposing sentence.
" 'No appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute' " (People v Lovett, 25 NY3d 1088, 1090 [2015], quoting People v Pagan, 19 NY3d 368, 370 [2012]; see also People v De Jesus, 54 NY2d 447, 449 [1981]). As an appeal may be taken only from "a judgment, sentence or order of a criminal court" (CPL 470.15 [1]; see [*2]also CPL 450.10), and because "[a] judgment is comprised of a conviction and the sentence imposed thereon" (CPL 1.20 [15]), where no sentence has been imposed, "no appeal will lie" (People v Budner, 14 NY2d 723, 724 [1964]), and the appeal must be dismissed.
This determination is without prejudice to defendant, if he be so advised, to submit an appropriate motion to the trial court for sentencing or to dismiss the reckless driving charge (see CPL 380.30 [1]; People v Drake, 61 NY2d 359, 364 [1984]; People v Morillo, 94 AD3d 909, 911 [2012]).
Accordingly, the appeal is dismissed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018