People v Bryant (2023 NY Slip Op 04857)

People v Bryant

2023 NY Slip Op 04857

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

626 KA 22-00020

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS L. BRYANT, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered November 30, 2021. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant pleaded guilty and was placed on interim probation on October 13, 2020. At the scheduled sentencing date of September 21, 2021, County Court indicated to the parties that, based on information it received from an interim probation summary report prepared by defendant's probation officer, the court wanted to hold a hearing on whether defendant had complied with the terms of interim probation. A hearing was held on November 3, 2021, and defendant was sentenced on November 30, 2021 to a period of probation.
Defendant contends that the court lost jurisdiction to impose sentence based on the length of time that elapsed between the guilty plea and the sentencing hearing. Initially, we note that defendant does not contend that sentencing was unreasonably delayed in violation of CPL 380.30 (1) (see generally People v Drake, 61 NY2d 359, 364-367 [1984]; People v Reyes, 15 AD3d 868, 869 [4th Dept 2005], amended on rearg 16 AD3d 1179 [4th Dept 2005]). Rather, relying on CPL 390.30 (6), defendant contends that the court lacked jurisdiction to sentence him more than one year from the date of conviction. CPL 390.30 provides in relevant part that, "[i]n any case where the court determines that a defendant is eligible for a sentence of probation, the court, after consultation with the prosecutor and upon the consent of the defendant, may adjourn the sentencing to a specified date and order that the defendant be placed on interim probation supervision. In no event may the sentencing be adjourned for a period exceeding one year from the date the conviction is entered, except that upon good cause shown, the court may, upon the defendant's consent, extend the period for an additional one year where the defendant has agreed to and is still participating in a substance abuse treatment program in connection with a . . . drug court" (CPL 390.30 [6] [a] [emphasis added]). We reject defendant's contention inasmuch as nothing in CPL 390.30 (6) (a) states that a failure to sentence a defendant within one year of the date of conviction is a jurisdictional defect or that sentencing after that one-year period is prohibited (see generally People v Velez, 19 NY3d 642, 647-648 [2012]; People v Manor, 134 AD3d 1400, 1401 [4th Dept 2015], lv denied 27 NY3d 967 [2016]; People v Langenbach, 106 AD3d 1338, 1338 [3d Dept 2013], lv denied 21 NY3d 1043 [2013]).
Defendant next contends that the purported five-year period of probation imposed by the court at sentencing is unduly harsh and severe and should be reduced to three years (see Penal Law §§ 70.70 [2] [b]; 65.00 [3] [a] [i]). Although the certificate of conviction states that the [*2]period of probation is five years, the court did not specify the length of the term of probation at sentencing. We therefore modify the judgment by vacating the sentence and remitting the matter to County Court for resentencing (see People v Petrangelo, 159 AD3d 1559, 1560 [4th Dept 2018]). In light of our determination, defendant's challenge to the sentence is academic.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court