People v Payne (2024 NY Slip Op 51759(U))

[*1]

People v Payne

2024 NY Slip Op 51759(U)

Decided on November 20, 2024

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2024
County Court, Tompkins County

The People of the State of New York

against
Joshua Payne, Defendant.

Index No. SMZ-70388-23

J. Justin Woods, Esq., Attorney for Defendant
Tompkins County Deputy District Attorney Andrew J. Bonavia, Esq. 

Scott A. Miller, J.

On November 18, 2022, Defendant pled guilty in Ithaca City Court (Wallace, J.) to Criminal Obstruction of Breathing or Blood Circulation (Penal Law §121.11). On December 2, 2022, Defendant was placed on interim probation supervision and acknowledged such conditions. CPL §390.30(6). Ithaca City Court scheduled sentencing for November 17, 2023. City Court was not in session on November 17, 2023, and the City Court sua sponte adjourned sentencing to December 1, 2023, when defense counsel indicated he would be available for such adjourned sentencing date. While Defense counsel did not state an objection to this brief adjournment, neither did defense counsel expressly consent to such adjournment.
However, on December 1, 2023 at the adjourned sentencing date, defense counsel objected to going forward with sentencing and moved to dismiss the misdemeanor charge arguing that the City Court had lost jurisdiction because sentencing was occurring more than one year from the date the conviction [was] entered." CPL §390.30(6).
The City Court adjourned and requested that the People and Defendant submit memoranda on the issue. Subsequently, on December 15, 2023, the City Court denied Defendant's motion to dismiss and imposed a sentence of three years probation. This appeal ensued.
Defendant on appeal argues that the City Court lost jurisdiction because sentencing did not occur within one year from date of Defendant's guilty plea. CPL §390.30(6). Defendant also argues that Defendant's sentencing was unreasonably delayed. CPL §380.30(1). CPL §390.30(6) provides:
Interim probation supervision. (a) In any case where the court determines that a defendant is eligible for a sentence of probation, the court, after consultation with the prosecutor and upon the consent of the defendant, may adjourn the sentencing to a specified date and order that the defendant be placed on interim probation supervision. In [*2]no event may the sentencing be adjourned for a period exceeding one year from the date the conviction is entered, except that upon good cause shown, the court may, upon the defendant's consent, extend the period for an additional one year where the defendant has agreed to and is still participating in a substance abuse treatment program in connection with a court designated a drug court by the chief administrator of the courts. (emphasis added)
Defendant argues that the City Court lost jurisdiction because he had been previously placed on interim probation pursuant to §390.30(6), yet sentencing did not occur within one year from the date his guilty plea was entered on November 18, 2022. Here, the City Court imposed sentence on December 15, 2023, or, twenty-eight days beyond the one-year date of November 17, 2023.
The People rely upon People v. Bryant, 219 AD3d 1677, 1678 (4th Dept. 2023). In Bryant, the appellate division affirmed defendant's conviction for criminal possession of a controlled substance in the third degree, where defendant had been place on interim probation, but sentence was not imposed until approximately one year and six weeks after date of the guilty plea, and in doing so explained that "nothing in CPL 390.30(6)(a) states that a failure to sentence a defendant within one year of the date of conviction is a jurisdictional defect or that sentencing after that one-year period is prohibited. Id. at 1678. The Fourth Department's holding in Bryant is persuasive, and this county court, sitting as the appellate court, follows the Bryant decision.
Defendant's alternative argument that the 28-day sentencing delay constituted and "unreasonable delay" in violation of CPL §380.30(1) is also without merit. In People v. Murphy, 215 AD3d 1075, 1077 (3rd Dept. 2023), the Third Department, affirming an assault conviction where the sentence had been delayed 25 months, explained:
"[T]he passage of time standing alone does not bar imposition of sentence or require a defendant's discharge" (People v. Drake, 61 NY2d at 365, 474 N.Y.S.2d 276, 462 N.E.2d 376), and "[o]nly delays that are inexcusable and unduly long violate the statutory directive" (People v. Tredeau, 117 AD3d 1344, 1345, 987 N.Y.S.2d 119 [3d Dept. 2014]).
For these reasons, the brief delay in sentencing here did not deprive the City Court of jurisdiction, nor was such brief delay unreasonable. As such, the judgment of conviction is affirmed.
ORDERED that the judgment is affirmed.
Dated: November 20, 2024
Ithaca, New York
Hon. Scott A. Miller
Tompkins County Court