People v Biles (2025 NY Slip Op 02458)

People v Biles

2025 NY Slip Op 02458

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

187 KA 23-02088

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB BILES, DEFENDANT-APPELLANT. 

THE LAW OFFICES OF JAMES L. RIOTTO, II, ROCHESTER (WILLIAM M. SWIFT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered August 22, 2023. The judgment convicted defendant upon his plea of guilty of rape in the second degree (two counts), sexual abuse in the first degree and sexual abuse in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of rape in the second degree (Penal Law § 130.30 [former (1)]). We affirm.
Defendant pleaded guilty and was placed on interim probation on July 5, 2022. On the scheduled sentencing date of June 20, 2023, County Court indicated to the parties that, based on an interim probation summary report prepared by defendant's probation officer, it was not clear whether defendant successfully completed interim probation, and the court adjourned the matter. Thereafter, a declaration of delinquency, dated July 13, 2023, was filed, and the court held a hearing on July 21, 2023 to determine whether defendant had complied with the terms of interim probation. After determining that defendant had not complied with the terms of his interim probation, the court sentenced defendant, on August 22, 2023, to a term of incarceration, followed by a period of postrelease supervision.
Defendant contends that the court lacked the authority to sentence him based upon his violation of the terms of interim probation because he was not sentenced within one year of the date of his conviction (see generally CPL 390.30 [6] [a]) and the declaration of delinquency did not toll the one-year period provided for in CPL 390.30 (6) (a) inasmuch as it was filed after that period expired. We reject defendant's contention.
CPL 390.30 provides in relevant part that, "[i]n any case where the court determines that a defendant is eligible for a sentence of probation, the court, after consultation with the prosecutor and upon the consent of the defendant, may adjourn the sentencing to a specified date and order that the defendant be placed on interim probation supervision. In no event may the sentencing be adjourned for a period exceeding one year from the date the conviction is entered, except that upon good cause shown, the court may, upon the defendant's consent, extend the period for an additional one year where the defendant has agreed to and is still participating in a treatment program in connection with a . . . treatment court" (CPL 390.30 [6] [a]). Contrary to defendant's contention, "nothing in CPL 390.30 (6) (a) states that a failure to sentence a defendant within one year of the date of conviction is a jurisdictional defect or that sentencing after that one-year period is prohibited" (People v Bryant, 219 AD3d 1677, 1678 [4th Dept 2023], lv denied 41 NY3d 1017 [2024]; see generally People v Velez, 19 NY3d 642, 647-648 [2012]; People v Manor, 134 AD3d 1400, 1401 [4th Dept 2015], lv denied 27 NY3d 967 [2016]). Thus, under the circumstances here, where "the presentence procedures set forth in CPL [*2]400.10 apply" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]), the court was not prohibited from imposing an enhanced sentence based on defendant's violation of the terms of his interim probation (see generally People v Alsaaidi, 173 AD3d 1836, 1837 [4th Dept 2019], lv denied 35 NY3d 940 [2020]).
Contrary to defendant's further contention, he validly waived his right to appeal (see People v Perez-Medina, 179 AD3d 1458, 1459 [4th Dept 2020], lv denied 35 NY3d 972 [2020]), and that valid waiver forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court