People v Grace (2026 NY Slip Op 01666)

People v Grace

2026 NY Slip Op 01666

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND HANNAH, JJ.

125 KA 24-00458

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJAMES GRACE, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 1, 2024. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Although defendant was initially placed on interim probation, County Court sentenced him to a determinate term of incarceration and postrelease supervision following repeated violations of the terms of his interim probation. We now affirm.
Defendant contends that his plea was involuntary because the court failed to advise him of the terms and conditions of interim probation at the time of his plea. By failing to move to withdraw his plea or vacate the judgment of conviction, however, defendant failed to preserve his contention for our review (see People v Waite, 119 AD3d 1086, 1087 [3d Dept 2014]; see generally People v Romanchik, 242 AD3d 1624, 1626 [4th Dept 2025]). We decline to exercise our power to review his unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that his sentence is illegal because it was not imposed within one year of "the date the conviction [was] entered," as required by CPL 390.30 (6) (a). Although that contention survives even a valid waiver of the right to appeal (see generally People v Thomas, 34 NY3d 545, 558 [2019], cert denied 589 US 1302 [2020]), it lacks merit. Defendant's sentencing was scheduled for one day before the one-year period set forth in CPL 390.30 (6) (a) expired, but the People requested an adjournment to prepare an order of protection. Over defendant's objection, the court granted the adjournment. Contrary to defendant's contention, a court's failure to comply with the one-year deadline set forth in CPL 390.30 (6) (a) is not a jurisdictional defect, and a court may legally impose a sentence more than a year after the defendant was placed on interim probation (see People v Biles, 237 AD3d 1521, 1522-1523 [4th Dept 2025]; People v Bryant, 219 AD3d 1677, 1678 [4th Dept 2023], lv denied 41 NY3d 1017 [2024]). We therefore decline to vacate the sentence.
Even assuming, arguendo, that defendant did not validly waive his right to appeal (see People v Ortega, 227 AD3d 1493, 1493 [4th Dept 2024], lv denied 42 NY3d 929 [2024]), we conclude that the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court